## C. C. SLAUGHTER V. CITY OF DALLAS.

### No. 1787. Decided January 29, 1908.

**1.—Assessment for Taxes—Description**

No greater certainty of description is required in the assessment of taxes on property than in conveyances or decrees affecting it, and the maxim that is certain which can be made certain applies. (P. 317.)

**2.—Same.**

A description of city property in its assessment for taxes which gives the number of the block and the dimensions but not the number of the lot is insufficient where the name of the owner is stated to be unknown and there are other lots in the block of the same dimensions; but where the name of the owner is given and he owns but one lot in the block the description is sufficient to identify it. (Pp. 316, 317.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

The city sued Slaughter to recover taxes and foreclose lien therefor on a, city lot, and recovered judgment. Slaughter prosecuted error and obtained a writ of error from the Supreme Court on a judgment reforming and affirming the judgment of the trial court.

*K. R. Craig,* for plaintiff in error.—It is well established by the decisions of this court that by a conveyance or instrument executed by the owner of land an interest might be conveyed or charge fixed on the property which equity will enforce although the specific parcel be not sufficiently identified. But where it is sought to divest title by an adversary proceeding, such as an execution sale or sale for taxes, the specific property must be identified. While a conveyance by the owner of a number of acres to be taken from a larger tract owned by him would vest an interest in the grantee, the sale by a sheriff under execution or by a tax assessor for taxes of a number of acres to be taken from a larger tract is void for uncertainty of description. Wofford v. McKinna, 23 Texas, 45; Tram Lumber Co. v. Hancock, 70 Texas, 313; Wooten v. Arledge, 54 Texas, 397; Morgan v. Smith, 70 Texas, 651; House v. Stone, 64 Texas, 681, 682.

As the assessor is required to give on his roll such description of the property as will be sufficient to convey title by a sale of the property for the taxes assessed, it follows that the same rule applies to the assessment as to a sale made under it.

It has been held that the name of the person against whom the tax is assessed is not descriptive of the land, and does not furnish a clew or basis for the introduction of extrinsic evidence of identification. Bowers v. Andrews, 52 Miss., 596; McQueen v. Bush, 76 Miss., 283; 24 S. W. Rep., 196.

*Jas. J. Collins* and *John C. Robertson,* for defendant in error.— The location of land is a matter that may be shown by parol evidence where the description given contains enough matter when

thus applied to indicate the property intended to be covered by the assessment. The question in an assessment is whether the data therein contained are sufficient to enable the owner of the property or those dealing with reference to the property to identify the property, and if from such assessment the property can be reasonably identified, then the assessment will be upheld, especially in a proceeding which has for its object the collection of the taxes due and the enforcement of a lien therefor on the property and is not a proceeding testing the validity of a summary sale of the property for the taxes. Cooper Grocery Co. v. City of Waco, 71 S. W. Rep., 619; Eustis v. City of Henrietta, 90 Texas, 471; Millikan v. City of Lafayette, 118 Ind., 323; Hopkins v. Young, 15 R. I., 48; State v. Woodbridge, 42 N. J. L., 401; Grace v. City of Bonham, 63 S. W. Rep., 158.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This suit was brought by the city of Dallas to recover of defendant, Slaughter, back taxes due the city for the years, 1891, 1892, 1893, 1894, 1895 and 1896 upon a certain lot described in the petition and to enforce a lien thereon. The trial was had before the court without a jury and resulted in a judgment for the city for the full amount claimed and for the enforcement of a lien upon the property. Upon appeal, the Court of Civil Appeals reformed the judgment so as to relieve Slaughter from personal liability for the taxes but decreed that the judgment should be enforced as a lien upon the property.

In 1898 C. C. Slaughter bought the property of G. G. Wright. Previous to the sale there had been an assessment or an attempted assessment of taxes upon the lot in favor of the city for each of the years 1891, 1892, 1893, 1894, 1895 and 1896. For the year 1893 in the attempted assessment, the property is described as follows: "Name of owner, unknown. No. of acres ——. No. lots, 25 x 100. No. of block, 61. Value grounds, $7,875. Value of improvements, $2,000. Description, Main street." For all the other years the description was as follows: "Name of owner, G. G. Wright. No. of acres ...... No. lots 25 x 100. No. block, 61. Value ground, $7,875. Value of improvements, $2,000. Description, Main street."

We think so much of the description as calls for "No. lots 25 x 100 ft." is intended to give the dimensions and not the number of the lot. The number not being given and there being other lots of the same dimensions in the block and being assessed to unknown owner, there is nothing by which the lot assessed in 1893 can be identified. Is there anything in the description by which it can be made certain which particular lot is meant? We think not, and that therefore the assessment for that year is invalid.

But with regard to the assessments for the other years, the case is different. In each of them it is stated, in effect, that G. G. Wright is the owner of the lot, which is the same as if it had been added, "which lot is owned by G. G. Wright." By ascertaining what lot Wright owned in the block it can be definitely ascertained,

what particular lot is meant, and the rule, "that is certain which can be made certain" applies. This was decided in effect in Herman v. Likens (90 Texas, 448), and in Taffinder v. Merrell (95 Texas, 98). In the former case it was held, that a description in substance of "the interest of the estate of J. B. Likens, deceased, in a certain tract of 893 acres, a part of the Rose survey, of which he owns an undivided one-half," was sufficient in a probate sale, for the reason, that the tract of land of 893 acres in which Likens had owned a half interest, could be ascertained with certainty. So in the latter case, the question came up in regard to a description of the two lots in a partition decree and it was held that a description in a partition proceeding of two lots in the town of Hamilton was aided and made certain by the further description that they belonged to the estate of Martha C. Burns, deceased; and that the description was sufficient.

that survey, and that what he owns is that rendered for assessment. than in a conveyance or a decree of partition? We think not. There are no degrees in certainty. What is certain in the one case must be certain in the other and what can be made certain in the one case can be made certain in the other. If any distinction should be made it would seem to be in favor of more generality in tax assessments. The forms furnished for assessments and in universal use for that purpose do not afford sufficient space for a full description of real estate except in a few cases, such for example, as town lots, and where the owner is rendering all of an original survey. But we apprehend, that in a great majority of cases the rendition is of so many acres of an original survey, it being implied, that the taxpayer owns that number of acres in that survey, and that what he owns is that rendered for assessment. Is it practical in most cases to do more than this?

Our conclusion is that the assessment for the year, 1893, is invalid; but that for the other years the assessment is good. Not being satisfied that we have the data from which the correction in the judgment may be made, we reverse the judgment in so far as it decrees a foreclosure of the taxes for 1893, and remand the cause with instructions to render a decree foreclosing a lien for the taxes of the other years. The plaintiff in error will recover the costs of the appeal and of the writ of error.

*Reversed and remanded with instructions.*