**Elijah White RATCLIFF, Appellant,**

**v.**

**Watson WALKER et al., Appellees.**

**No. 6811.**

Court of Civil Appeals of Texas.

Beaumont.

Feb. 17, 1966.

**130** ■ ▬▬▬▬▬▬▬▬

------◆------

Elijah W. Ratcliff, Livingston, Routt, Harper & McDonald, Houston, for appellant.

Ross Hightower, Livingston, for appellees.

STEPHENSON, Justice.

This is an action for damages because of false arrest and imprisonment. Trial was by jury and judgment rendered for defendants upon the findings of the jury. The parties will be referred to here as they were in the trial court.

■ Plaintiff filed in this court papers designated "Statement of Facts—Narrative Form" consisting of one and one-fourth pages. Plaintiff's transmitted letter shows a copy was mailed to attorney of record for defendants and that said statement of facts had been submitted to the District Clerk. The clerk of this court notified all attorneys that the statement of facts, narrative form, had been filed. Such statement of facts was not authenticated by either the trial court or the attorneys for defendants. However, no objection to such statement of facts was filed within the 30 day period as provided by Rule 404, Texas Rules of Civil Procedure. The Supreme Court of Texas has passed upon this matter as follows:

"The failure of the statement of facts to be properly authenticated was, in our judgment, one of the 'informalities in the manner of bringing a case into court' contemplated by Rule 404; and thus it was incumbent upon the respondent to file his objections to it within the thirty-day period provided, otherwise the defect was waived." Pacific Fire Ins. Co. v. Smith, 145 Tex. 482, 199 S.W.2d 486.

The two points of error relied upon by plaintiff in his brief are as follows:

"I. The court below erred in refusing to admit into evidence the transcription of an oral deposition of plaintiff.

"II. It is an abuse of judicial discretion for a trial court to admit into evidence, above a timely objection and exception, evidence which raises issues which are collateral to the ultimate issues being decided by such court, and which tend to prejudice the jurors."

■ Neither of these points was properly raised so it could be passed upon by this court. The transcript filed in this court contains no motion for new trial, and no reference is made in the record of this case that a motion for new trial was filed. The judgment of the trial court shows this case was tried before a jury and that judgment was rendered upon the jury verdict. The law is clear that a motion for new trial was essential under the circumstances of this case. Rule 324, T.R.C.P.

■ Plaintiff having filed no motion for new trial, must show that the trial court erred in rendering judgment non obstante veredicto, or notwithstanding the finding of the jury on one or more special issues, or in failing to grant his motion for judgment on the verdict of the jury. Saldana v. Garcia, Tex.Civ.App., 275 S.W.2d 563. The plaintiff urges no such contentions in this case.

Judgment affirmed.