B. M. JAMISON et ux., Appellants,

v.

CITY OF PEARLAND, Appellee.

No. 15959.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 30, 1972.

Rehearing Denied Jan. 26, 1973.

Holder & Germany, C. Wayne Holder, Freeport, for appellants.

McNeal, Thrash & Williams, William W. McNeal, Alvin, for appellee.

COLEMAN, Justice.

This is a consolidated action by which appellants sought to enjoin the collection of taxes, and appellee sought to recover delinquent taxes. The case was tried to a jury, but judgment n. o. v. was entered for appellee.

The record reveals no objections or exceptions to the charge of the court, and no requested issues which were refused. Appellants filed no motion for new trial.

During the course of the trial, apparently at some time after appellee had rested its case, appellants filed a motion to dismiss, which was overruled by the court. The record does not contain a motion for judgment on the verdict.

■ Since appellants did not file a motion for new trial, they can only complain that the court erred in rendering judgment notwithstanding the verdict. The points raised in appellants' brief which are not related to the action of the court in granting the judgment non obstante veredicto cannot be considered. Points one, two, seven, eight and eleven complain of procedural matters and clearly are not related to such action of the court. They will not be considered. Rule 324, Texas Rules of Civil Procedure; Saldana v. Garcia, 275 S.W.2d 563 (Tex.Civ.App.—San Antonio 1955, aff'd 155 Tex. 242, 285 S.W.2d 197, 1955); Ratcliff v. Walker, 401 S.W.2d 129 (Tex.Civ.App.—Beaumont 1966); Queen Insurance Company of America v. Creacy, 456 S.W.2d 538 (Tex.Civ.App.1970).

■ Points four and five in appellants' brief complain of the failure of the trial court to sustain appellants' motion to dismiss. These points cannot be considered. If the motion be viewed as a preliminary motion "made and filed in the progress of the cause," the ruling of the court must be considered as acquiesced in by the terms of Rule 325, T.R.C.P. because no motion for new trial was filed. City of Fort Worth v. Hill, 306 S.W.2d 817 (Tex. Civ.App.—Ft. Worth 1957, writ ref., n. r. e.). If it be considered a motion for instructed verdict, it likewise must fail because the points made in the motion were not carried forward in a motion for new trial. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960).

■ By points six and nine appellants complain that the trial court erred in granting the motion for judgment non obstante veredicto because the property description contained (1) in the judgment and (2) in the tax rolls were insufficient to identify the various tracts of land owned by appellants. Point ten also raises the question of the sufficiency of the description. The twelfth point asserts that the trial court erred in granting the judgment non obstante because there was no evidence that appellee had by ordinance or resolution provided for penalty or interest for failure to make timely payment of taxes. The thirteenth point asserts that there was fundamental error in granting judgment foreclosing tax liens on the property described therein when the property descriptions proved by appellee failed to show that the various tracts on which taxes were alleged to be due were located in the county where the suit was filed.

The descriptions of the tracts of land on which the tax liens are ordered foreclosed by the judgment conform to the descriptions found in the deeds conveying these tracts to appellants. We are unable to say that these descriptions are too vague and indefinite to permit the location of the property on the ground. Each of the deeds describes the property as being located in Brazoria County, Texas. The tracts of land as described in the judgment refer to the Deed Records of Brazoria County, Texas. The record does not affirmatively and conclusively show that the trial court lacked jurisdiction of the subject matter of this suit. Neither have appellants shown that the trial court fell into error which directly and adversely affects the interest of the public generally, as that interest is declared by the statutes or constitution of this state. Fundamental error is not present. McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265 (1957).

Art. 7194, Vernon's Ann.Civ.St., requires the Land Commissioner to furnish to each county tax assessor a correct abstract of all the surveys of land and the number of acres therein in his respective county.

Articles 7195, 7196 and 7198, V.A.C.S., require each county assessor to keep a

book in which the various abstracts of the land surveys located in his county are kept. This book must show the abstract numbers, name of the party to whom the certificate was issued, the number, class and character of the certificate, the name of the party to whom the patent issued, number of volume of patent, the month, day and year it was issued, and the number of acres each survey contains. The book shows by year the number of acres and value placed thereon for each survey or part thereof together with the name of the person rendering same for taxation. Art. 7197, V.A.C.S., requires the assessor to make and maintain an abstract of all the blocks or subdivisions of each of the cities, towns or villages of his county, together with a "diagram or plat" of each block or subdivision. Each block is numbered and the assessor is required to list by year the owner of each lot in the block. If any part of an abstract or block is unrendered, the assessor is required to render the land to the owner, if known, and, if unknown, to "unknown owners."

Art. 7205, V.A.C.S., requires the assessor to list and assess real property in his county, which he finds to be unrendered, in the following manner:

"1. Name of owner.

"2. Abstract number and number of certificate.

"3. Number of survey.

"4. Name of the original grantee.

"5. Number of acres.

"6. The true and full value thereof.

"7. The number of lot or lots.

"8. The number of block.

"9. The true or full value thereof.

"10. The name of the city or town, and give such other description of the lot or lots or parcels of land as may be necessary to better describe

the same; and such assessment shall be as valid as if rendered by the owner thereof."

In Electra Independent School Dist. v. W. T. Waggoner Estate, 140 Tex. 483, 168 S.W.2d 645 (1943), the court said:

"Article 7204 of Vernon's Annotated Civil Statutes . . . requires a brief description of realty in order to have a valid assessment for taxes. Ordinarily a description is sufficient when the property sought to be assessed may be identified from the description given. Slaughter v. Dallas, 101 Tex. 315, 107 S.W. 48 . . .."

Art. 7336, V.A.C.S., provides that a properly prepared delinquent tax list "shall be prima facie evidence that all the requirements of the law have been complied with by the officers of courts charged with any duty thereunder as to regularity of listing, assessing, and levying all taxes therein set out, and that the amount assessed against said real estate is a true and correct charge. If the description of the real estate in said list or assessment rolls or books is not sufficient to identify the same, but there is a sufficient description of the inventories in the office of the Assessor and Collector of Taxes, then said inventories shall be admissible as evidence of the description of said property."

■ Appellee introduced into evidence the delinquent tax list for the years 1965, 1966, 1967, 1968, and 1969, and the current tax roll for the year 1970. These records were identified by the tax assessor. There was testimony that the taxes had not been paid. This evidence made a prima facie case as to every material fact necessary to the establishment of appellee's cause of action provided that the description of the property contained in the records of the tax assessor is not void for lack of certainty. Corbett v. State, 153 S.W.2d 664 (Tex.Civ.App.—Galveston 1941, err. ref. w. m.); Crocker v. Santo Consolidated Inde-

pendent School District, 116 S.W.2d 750 (Tex.Civ.App.—Eastland 1938, err. dism'd).

■ The rules as to the sufficiency of the description of property in a tax assessment are the same as those applied in the case of conveyances. Slaughter v. City of Dallas, 101 Tex. 315, 107 S.W. 48 (1908). " . . . The writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty." Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150 (1945). "A recital of ownership in a deed may be used as an element of description and may serve as a means, together with some other element, of identifying the land with reasonable certainty . . ." Broaddus v. Grout, 152 Tex. 398, 258 S.W.2d 308 (1953).

■ A deed is not void for uncertainty unless on its face the description cannot, by extrinsic evidence, be made to apply to any definite land. Lange, Land Titles, Texas Practice, V. 5, § 762, note 1.

■ The delinquent tax roll received in evidence lists the property assessed to Bert M. Jamison by years. It describes the property by abstract number, lot or tract number, account number, and acreage. The tax roll for 1970 furnishes the same descriptive facts and also gives the name of the survey in which the tract or lot is located. The description found in the delinquent list can be aided by the description found under the same account number on the tax roll and by the information contained in the records kept by the county tax assessor under the same abstract numbers and lot or tract numbers referred to in the list. The description is not so uncertain on its face as to be void. Extrinsic evidence found in the record supplies the description used in the judgment ordering foreclosure of the liens. Since the description in the delinquent tax list is not void, Art. 7336, supra, casts the burden on appellants to show that the tax assessor failed to properly describe the property rendered by him as required by Article 7205, R.C.S. The assessment rolls for the years prior to 1970 were not placed in evidence. Alamo Barge Lines, Inc. v. City of Houston, 453 S.W.2d 132 (Tex. 1970); Arnold v. Crockett Independent School District, 404 S.W.2d 27 (Tex.1966); American Lumber Co. v. State, 165 S.W. 467 (Tex.Civ.App.—Galveston 1914, writ ref.).

■ Art. 7336, supra, also provides for penalties and interest on delinquent taxes, and the dates when taxes must be paid. It specifically provides that penalties, interest, and costs accrued against any land, lots or property need not be entered by the assessor and collector of taxes on the delinquent tax list. The amount of such penalty, interest and costs due in this case was shown by parol evidence.

Finally, appellants urge that they were deprived of a jury trial by the action of the trial court in disregarding the answers made by the jury to the special issues, which they contend establish that the lands are agricultural as defined by Section 1-d, Article 8, Constitution of Texas, Vernon's Ann.St. since the undisputed evidence established that the tax assessor refused to assess the lands as such.

Appellants' original petition in Cause 48,754 sought an injunction against appellee from collecting taxes for the year 1967 and for prior years, but not for subsequent years. In Cause No. 51,221 appellee seeks to recover delinquent taxes for the years 1966 through 1970. Appellants contend that their land should have been assessed as agricultural use land in accordance with Article 8, § 1-d of the Constitution of Texas.

This Article, which became effective November 8, 1966, establishes a definition

of agricultural use of land, and places on the local tax assessor the duty to determine whether land qualifies for special assessment as agricultural land.

The evidence establishes that appellants attempted to secure a designation of their lands as for agricultural use for the year 1967 and subsequent years. The local tax assessor determined that they were not entitled to such a use designation. The tax assessor was not made a party to the injunction suit. Appellants here are collaterally attacking his decision. Brown County, Texas v. Atlantic Pipe Line Co., 91 F.2d 394 (Ct. of App., 5th Cir. 1937). The decision of the tax assessor was within his constitutional authority and is not subject to a collateral attack. Glenn v. Dallas County Bois D'Arc Island Levee Dist., 114 Tex. 325, 268 S.W. 452 (1925); Thompson v. Railroad Commission, 150 Tex. 307, 240 S.W.2d 759 (1951); Magnolia Petroleum Co. v. Railroad Commission, 128 Tex. 189, 96 S.W.2d 273 (1936); Rosenthal v. City of Dallas, 211 S.W.2d 279, 291 (Tex.Civ.App.—Dallas 1948, writ ref., n. r. e.).

In addition there is no evidence from which it can be determined that appellants have sustained substantial injury as a result of the refusal to assess their property as agricultural land, nor that their taxes are excessive or substantially higher than they would have been had the land been assessed as agricultural land. Absent some such showing, appellants have established no defense to the suit for taxes. City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414 (1954); Whelan v. State, 155 Tex. 14, 282 S.W.2d 378 (1955); 'State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569 (1954).

The issues submitted to the jury were immaterial and the trial court properly disregarded them in entering his judgment. The judgment is affirmed.