**T. E. FROSSARD, Appellant,**

v.

**The STATE of Texas et al., Appellees.**

No. 18134.

Court of Civil Appeals of Texas, Dallas.

June 21, 1973.

Rehearing Denied July 19, 1973.

T. E. Frossard, Dallas, for appellant.

Henry Wade, Dist. Atty., Giles E. Miller, Asst. Dist. Atty., N. Alex Bickley, City Atty., Gary B. Hall, Asst. City Atty., Dallas, for appellees.

CLAUDE WILLIAMS, Chief Justice.

The State of Texas on its own behalf and on behalf of Dallas County, brought this suit against T. E. Frossard to recover delinquent taxes on certain real property for the years 1969 and 1970 in the sum of $47.48, plus court costs. The City of Dallas, as assessor and collector of taxes for the Dallas Independent School District, intervened in the suit asserting its claim for delinquent taxes due upon the same properties for the years 1952 through 1959 and 1961 through 1971 in the sum of $516.12, plus costs. The trial court, sitting without a jury, rendered judgment for the taxing authorities as prayed for and ordered foreclosure of tax liens.

Appellant Frossard attacks the judgment in three points of error. His primary contention, as contained in points 1 and 2, is that the trial court erred in rendering judgment against him because the description of land used by the assessors in making the assessments is inadequate and insufficient to describe the property with the degree of certainty required by Vernon's Tex.Rev.Civ.Stat.Ann. art. 7205. He also complains of the admission into evidence of certain plats from the county assessor's office of an unrecorded subdivision relating to the land in controversy. In this third point of error appellant objects to the inclusion of certain abstract fees as court costs.

It is undisputed that appellant did not render the property for taxation as pro-

vided by Tex.Rev.Civ.Stat.Ann. art. 7204. The taxing authorities, acting pursuant to power conferred by article 7205, did assess the properties for a number of years and such taxes were paid with the exception of the years referred to above. The latter statute provides that when the assessor of taxes does assess property such must reveal the name of the owner, if known, the abstract number and number of certificate; number of the survey; name of the original grantee; number of acres; the number of lot or lots; the number of the block; and the true and full value thereof. It is then provided that such assessment may give such other description of the lot or lots or parcels of land as may be necessary to better describe the same and that such assessment shall be as valid as if rendered by the owner thereof.

In the various assessments for taxes by each taxing authority the properties were described as:

"Lot 54 of Lawson Estates, Unrecorded, Town of Kleberg, Dallas County, Texas."

The assessments, 13 in number, covered Lots 54 and 57 through 68, inclusive, in the same addition in the Town of Kleberg. In each assessment the value was set forth and the owner in each instance was "T. E. Frossard."

Olen Coats, a witness for appellee State of Texas, testified that he was in charge of the Dallas County Map and Plat Department which was a division of the tax assessing and collecting office. He said that there was in the map room a plat prepared by Mr. B. S. Hyden, identified as Plaintiff's Exhibit 1. The plat was introduced in evidence and appears to describe a number of lots at a location at the corner of Belt Line Road and Sarah Lane. It is entitled "Plat—Lawson Estates—Robert Kleberg Survey Abstract 716 Dallas County, Texas" and bears the inscription "For T. E. Frossard by B. S. Hyden CE. 325 Fidelity Union Life, Dallas, Texas December 1953."

The same plat, identified as Plaintiff's Exhibit 2, was established by the witness Oscar Walker, also an employee of the tax collector's office of Dallas County in the assessing department, as being a part of the permanent assessment book of Dallas County. Plaintiff's Exhibit 2, containing the identical plat as Plaintiff's Exhibit 1, recites that the area is a part of a 15.4-acre tract, Abstract No. 716, Lawson Estates Addition to Kleberg, containing ten blocks. Both maps or plats reveal the specific lots made the basis of the suit for taxes.

Appellant Frossard testified that the land had been conveyed to him in two tracts and in each deed was described by metes and bounds and not by lot and block number. He denied authorizing Hyden to prepare and file the map or plat used by the taxing authorities and represented by Plaintiff's Exhibits 1 and 2. He conceded that on several occasions he had sold property in the Lawson Estates and that the deeds, following a metes and bounds description, had also contained reference to lots and block numbers of the unrecorded plat. In 1969 he executed an affidavit made in connection with the title to two of the lots in question in which he stated, inter alia:

"Affiant is the owner of Lots 29 and 30, Lawson Estates, an unrecorded subdivision of the Robert J. Kleberg Survey, Abstract No. 716 in Dallas County, Texas, having obtained same by Trustee's Deed dated December 6, 1966, recorded in Vol. 07014, page 0612, Deed Records of Dallas County, Texas."

It was stipulated that appellant Frossard had executed twenty-five deeds on various dates, in which he had conveyed various portions of the original tracts of land originally conveyed to him, and in each deed of conveyance he had described the property by metes and bounds and then included in the description, "known as Lot ——— as shown on the unrecorded plat of Lawson Estates Addition."

In this state of the record the appellant insists that the assessments made by the taxing authorities failed to contain a sufficient or adequate description of the real estate in question and were void, as a matter of law. We cannot agree.

■ Since the admitted owner of the property, appellant Frossard, did not render the property for assessment and therein describe the same in a manner which he deemed to be appropriate in accordance with article 7204, it became necessary for the assessors of taxes for the taxing authorities to exercise their right pursuant to article 7205 to proceed to assess the property for taxation. In carrying out their obligation pursuant to this statute they were required, among other things, to describe the property. The purpose of this description was obviously to advise the owner of that particular property which was being assessed for taxation. Our courts have uniformly held that the purpose of the description in listing the property in the assessment is to designate the property in such a manner that it may be identified. McMahan v. State, 147 S.W. 714 (Tex.Civ.App., Dallas 1912, writ ref'd). Again, in City of San Antonio v. Terrill, 202 S.W. 361 (Tex.Civ.App., San Antonio 1918, writ ref'd), Chief Justice Fly reannounced the rule that description of property in an assessment for taxes is sufficient when it furnishes the means by which the property can be identified from the description itself or by the use of extrinsic evidence to apply that description to the property. Eustis v. City of Henrietta, 90 Tex. 468, 39 S.W. 567 (1897); Slaughter v. City of Dallas, 101 Tex. 315, 107 S.W. 48 (1908).

The Supreme Court, in Slaughter v. City of Dallas, supra, speaking through Chief Justice Gaines, said that an assessment of taxes couched in general terms, rather than specific terms, was sufficient and should be favored in law. The court pointed out that the forms furnished for assessments and in universal use for that purpose do not afford sufficient space for a full description of real estate. The court said that it would be more practical to describe the property by lot and block numbers than by metes and bounds or by acres.

■ We are of the opinion that the description of the properties sought to be taxed and as contained in the assessments by the taxing authorities clearly meets the requirements of the statute and the authorities dealing with the subject. While it is true that the description of the lots in question came from an unrecorded map or plat yet it is equally true that such map or plat has been a part of the tax assessor's office of Dallas County for a number of years and has been used not only by the taxing authorities but by appellant Frossard himself in describing the properties. It is difficult to conceive how appellant Frossard could have been misled or deceived by the assessment rendered against him. The assessment referred to a map or plat easily available to appellant and any other person interested in locating the property. Appellees' witness Walker testified that he could locate the property with the use of the map. Frossard agreed that he had utilized the description of lots on the unrecorded plat in at least twenty-five different transactions in which he sold a lot or lots in the subdivision. We hold that the description contained in the assessments was valid.

In oral argument before this court appellant Frossard, representing himself, admitted that the real basis of his complaint was that the taxing authorities should have rendered the property on a tract basis rather than a lot and block basis because the taxes in the first instance would be lower. The complete answer to this contention is that appellant, upon receipt of the assessments made by the taxing authorities, could have availed himself of the right to immediately appeal to the Commissioners Court, sitting as a board of equalization, and seek the order of that quasi-judicial body changing the method of assessment. Victory v. State, 158 S.W.2d 760 (Tex. Sup.1942).

■ Appellant's contention that appellees' Exhibits 1 and 2 were not admissible

in evidence is likewise without merit and overruled. Such exhibits, though admittedly unrecorded, may reasonably be said to be a permanent part of the official plat records of the Dallas County Map and Plat Department and are made expressly admissible in evidence by the provisions of Vernon's Tex.Rev.Civ.Stat.Ann. art. 7344. In any event the record demonstrates such a substantial compliance with the provisions of the statute as to render the exhibits admissible under the terms thereof.

Finally, in his third point of error, appellant complains of the inclusion of an abstract fee as a part of the costs of court. We overrule this contention. Article 7345b, section 6, of Vernon's Tex.Rev.Civ. Stat.Ann., expressly provides that all court costs, including such expenses as the taxing units may incur in procuring data and information as to the name, identity and location of the necessary parties and in procuring necessary legal descriptions of the property, shall be chargeable as court costs.

We find no merit in any of appellant's points of error and overrule the same. The judgment of the trial court is affirmed.

Affirmed.