**LAKERIDGE DEVELOPMENT CORPO-RATION, et al., Appellants,**

v.

**TRAVIS COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 18, et al., Appellees.**

No. 14098.

Court of Appeals of Texas, Austin.

Sept. 12, 1984.

years, together with penalties, interest, attorney's fees, and court costs. We will reform the trial court judgment in the particulars set out below. As reformed, we will affirm the judgment.

The trial court judgment, entered after a bench trial, awards the following sums to the taxing units:

Travis County Water Control and Improvement District No. 18:

| Taxes, penalties, interest | $9,125.41 |
|---|---|
| Attorney's fees (15%) | 1,368.81 |

Eanes Independent School District:

| Taxes, penalties, interest | $19,009.92 |
|---|---|
| Attorney's fees (15%) | 2,851.48 |
| Abstractor's costs | 7,050.00 |

The trial court made findings of fact to the effect that the taxing units engaged an attorney to collect the delinquent taxes, penalties, and interest, agreeing to pay him therefor an attorney's fee equal to 15% of the sums recovered. The trial court found the resulting attorney's fees necessary and reasonable. The trial court also found that the attorney was authorized to engage an abstractor to examine titles to the properties upon which the taxes were claimed; that it was necessary to do so; that the attorney engaged an abstractor to do the work; and that the sum of $7,050.00 was "a reasonable fee for services necessarily performed by the abstractor" in the suit.

Kent M. Rider, Joseph & Rider, Austin, for appellants.

Joseph Heffington, Austin, for appellees.

Before PHILLIPS, C.J., and POWERS and BRADY, JJ.

POWERS, Justice.

Travis County Water Control and Improvement District No. 18 and Eanes Independent School District, appellees, recovered judgment against Lakeridge Development Company, Donald Dempsey, and Janice Dempsey, appellants, for delinquent ad valorem taxes for 1982 and preceding

I.

In appellants' first point of error they complain that the trial court erred in the amounts awarded the two taxing units as delinquent taxes because those sums include taxes on a lot, a mobile home, and certain personal property and fixtures, none of which were owned by appellants as found by the trial court. The taxing units agree that the component parts of the judgment, that is, the principal sums for taxes owing and the sums for penalty and interest, should be reduced in the amounts claimed by appellants. We therefore reduce the sums awarded by the trial court and reform that court's judgment to reflect

that the taxing units recover the following sums as taxes, penalties, and interest:

| | |
|---|---|
| Travis County Water Control and Improvement District No. 18 | $ 8,413.48 |
| Eanes Independent School District | 17,712.77 |

## II.

■ In their second point of error, appellants attack in various ways the sums awarded by the trial court as attorney's fees for Travis County Water Control and Improvement District No. 18 ($1,368.81) and Eanes Independent School District ($2,851.48). Each sum was calculated on the basis of 15% of the principal sum awarded for delinquent taxes, penalties, and interest.

Appellants assert in the first instance that the attorney's fees are excessive because the principal sum upon which they were calculated includes properties not owned by appellants, as discussed above. Appellees concede the point. We therefore order that the sums awarded in the trial court judgment as attorney's fees be reduced, with respect to each appellee, in an amount equal to 15% of the taxes, penalties, and interest determined by the trial court on properties not owned by appellants.

Appellants next contend that the sums awarded by the trial court as attorney's fees were excessive because a portion thereof results from application of the 15% attorney's fees to sums awarded for delinquent taxes, penalties, and interest for the year 1982. In that connection, appellants point to the provisions of Tex.Tax Code Ann. § 33.07(a) & (c) (1982), effective January 1, 1982, which provide that a taxing unit may impose an additional 15% penalty upon taxes that remain delinquent on July 1, but if it does so, it "may not recover attorney's fees in a suit to collect delinquent taxes subject to the" additional penalty. *Id.* § 33.07(c). Appellants assert that appellees imposed the additional 15% penalty against appellants and therefore relinquished any right to recover attorney's

fees, which right a taxing unit would otherwise have under the tax code.

Appellees rejoin that there is no evidence that they imposed the additional 15% penalty. Appellants contend the evidence is undisputed in that regard. The trial court made no finding of fact or conclusion of law concerning the matter. We find the evidence undisputed that appellees *did* impose the additional 15% penalty and that they consequently relinquished, as a matter of law, any right to attorney's fees insofar as the judgment awards recovery of delinquent taxes, penalties, and interest for 1982.

The assistant tax assessor-collector for the two taxing units testified without dispute that both units voted to impose the additional penalty allowed by § 33.07(a) *and that the tax statements for 1982 notified taxpayers of that additional assessment upon taxes for that year* if they remained delinquent on July 1, 1982. Appellants' tax statements for 1982 were admitted in evidence, and each contains the notice: "SEC. 33.07 PTC PROVIDES ADDITIONAL 15% PENALTY IF NOT PAID PRIOR TO JULY 1." Each statement imposes a significant increase in the sums owed if taxes are paid in July instead of June. The magnitude of the increase is far greater than would be allowed if only the ordinary statutory penalties and interest were added for another month. Conversely, nothing in the evidence suggests that the additional penalty was not imposed. We hold, in consequence, that appellants imposed the additional penalty and thereby relinquished, as a matter of law, any right to attorney's fees respecting delinquent taxes, penalties, and interest for 1982. We order that the attorney's fees awarded by the trial court be reduced by $234.68 in the case of Travis County Water Control and Improvement District No. 18 (15% of $1,564.57) and by $584.39 in the case of Eanes Independent School District (15% of $3,895.95), the principal sum in parenthesis being, in each instance, the delinquent taxes, penalties, and interest for the year 1982.

Next, appellants contend the attorney's fees awarded by the trial court with respect to taxes, penalties, and interest *preceding* 1982 are excessive as well. Their argument is, in this respect, more complicated.

Before enactment of § 33.48 of the Texas Tax Code (1982), a taxing unit's authority to recover attorney's fees was governed by statutory provisions applicable to specific units or circumstances, and not to taxing authorities generally, as is the case in § 33.48. In the present suit, the taxing units sued for delinquent taxes, penalties, and interest for years preceding the effective date of the Texas Tax Code (January 1, 1982), and for the year 1982, as discussed above.

As a water control and improvement district, Travis County Water Control and Improvement District No. 18 was required by the terms of Tex.Water Code Ann. § 51.591 (1972) to employ an attorney to file suits to collect delinquent taxes, and that statute provided for the recovery, as court costs, of "a fee of 10 percent of the amount of all delinquent taxes collected or paid after suits were filed." As an intervenor in the present suit, Eanes Independent School District was entitled to recover, as court costs, a reasonable attorney's fee not exceeding 10% of the amount sued for in the intervention, subject to approval of the court. Tex.Rev.Civ.Stat.Ann. art. 7345b, § 6 (1960) (repealed). Accordingly, appellants argue that the trial court in the present case could not award as attorney's fees any sum in excess of 10% of the delinquent taxes, penalties, and interest awarded for the years preceding 1982, and that the trial court therefore erred in awarding 15% attorney's fees for those years' taxes, penalties, and interest.

■ Section 33.48 of the Texas Tax Code has been applied to judgments for sums recovered as delinquent taxes after January 1, 1982, even though the sums represent taxes for years previous to that date. *Houston Lighting & Power Co. v. Dickinson Ind. School District*, 641 S.W.2d 302 (Tex.App.1982, writ ref'd n.r.e.) (§ 33.48 properly applied to measure award of attorney's fees on appeal where appeal pending on January 1, 1982). In the present case, the suit was filed in 1979 and not tried until August 1983, almost two years after the effective date of § 33.48. We hold the trial court was required to award attorney's fees to Eanes Independent School District in the present case under § 33.48, it being effective at the time of trial.

■ As to Travis County Water Control and Improvement District No. 18, however, the trial court's award of attorney's fees is limited to 10% of all delinquent taxes collected. Although each party concedes that § 33.48 of the Tax Code replaced § 51.591 of the Water Code as of January 1, 1982, we find that § 51.591 continues in effect. The act by which § 33.48 became law did not expressly repeal § 51.591. 1979 Tex.Gen.Laws, ch. 841, § 6(a)(3), at 2330. Repeals by implication are not favored and a general law will not be presumed to repeal a specific statute. *Townsend v. Terrell*, 118 Tex. 463, 16 S.W.2d 1063 (1929); *Lorenzo Textile Mills, Inc. v. Bullock*, 566 S.W.2d 107 (Tex.Civ.App.1978, no writ). Section 51.591 specifically applies to a water control and improvement district's recovery of attorney's fees. Because it is a specific enactment, § 51.591 must prevail over § 33.48 which applies to taxing units generally. "The general rule is that when the law makes a general provision, apparently for all cases, and a special provision for a particular class, the general must yield to the special in so far as the particular class is concerned." *Sam Bassett Lumber Co. v. City of Houston*, 145 Tex. 492, 198 S.W.2d 879, 881 (1947). We hold that § 51.591 controls and that the trial court was required to limit its award of attorney's fees to Travis County Water Control and Improvement District No. 18 to 10% of all delinquent taxes collected.

### III.

■ In appellants' third point of error, they contend the trial court erred in awarding Eanes Independent School District $7,050.00 in reimbursement for the charges

768

of an abstractor. They contend there is no evidence to support the reasonableness of the sum awarded. Section 33.48(a)(3) of the Texas Tax Code authorizes a taxing unit to recover

> reasonable expenses, subject to approval by the court, ... incurred ... in determining the name, identity, and location of necessary parties and in procuring necessary legal descriptions of the property on which a delinquent tax is due....

Such fees were recoverable under earlier statutory provisions of similar import. Tex.Rev.Civ.Stat.Ann. art. 7345b, § 6 (1960) (repealed); *Frossard v. State,* 497 S.W.2d 473 (Tex.Civ.App.1973, writ ref'd n.r.e.). Is there "no evidence" to support the trial court's finding that the $7,050.00 was a *reasonable* sum for the services rendered by the abstractor? We are required to view the evidence in its most favorable light in support of the trial court's finding of reasonableness, considering only the evidence and inferences that support that finding while disregarding any evidence and inferences contrary to the finding. *Miller v. Riata Cadillac Company,* 517 S.W.2d 773 (Tex.1974).

The amount billed Eanes Independent School District, that is, the sum of $7,050.00, was on the basis of $75 for each parcel upon which the delinquent taxes were claimed. The president of the abstractor testified that the per-parcel charge of $75 is "a competitive fee with other companies"; that her prices range from $75 to $150 per parcel; and that $75 is the lowest figure she charges. Continuing, she testified that the work in the present case required two people working over two weeks; and that it was inconceivable that the title work could have been done in four hours. An officer of a title company testified that it charged the school district $150 per "run" or parcel of land for the company's title work. The president of the abstractor and the officer of the title company each testified at length about the nature and particulars of the work.

The attorney for Eanes Independent School District testified that he had represented the district for almost ten years, including the collection of their delinquent taxes. He testified specifically that he had agreed to pay the abstractor "a reasonable fee for her services," and that the abstractor's fees as they were billed him in the present case "are reasonable in this community at this particular time." (There was no objection to this opinion testimony although immediately before so testifying, the attorney stated that he was familiar with the "usual, reasonable and customary fees charged *him* by" title examiners.)

Reasonableness is not itself a fact, but only an inference drawn from facts. We hold the trial court could reasonably infer from the opinion testimony of the school district attorney, and from the other testimony about the quantity of work involved and the customary charges of the abstractor and others similarly occupied, that the amount charged by the abstractor in the present case was "reasonable." We cannot say as a matter of law that such evidence is totally without probative force on the issue of reasonableness.

We here reform the trial-court judgment as indicated above. As reformed, we affirm the judgment below.