In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-382 CV


____________________



AMANDA LEIGH MARRS, Appellant



V.



SAN JACINTO COUNTY, Appellee






On Appeal from the 411th District Court


San Jacinto County, Texas


Trial Cause No. D-5786-01






MEMORANDUM OPINION


 Appellant Amanda Leigh Marrs appeals the trial court's grant of a traditional motion
for summary judgment filed by appellee San Jacinto County in a suit to collect delinquent ad
valorem taxes against real property owned by Marrs. In a single issue, appellant argues that
summary judgment was improper because the description of the property at issue in the suit
created a fact issue as to her ownership of the property and deprived her of notice of the
appraisal value of the property. Because we conclude that the description of the subject
property did not create a fact issue, we affirm.

BACKGROUND


 On September 19, 2001, San Jacinto County filed suit on behalf of itself and the
taxing districts (1) for which it collects, seeking to collect delinquent taxes from Katherine
Crumley on property described as follows:

 Being Lot 2, Block 71, Shepherd Townsite, San Jacinto County, Texas
described in Document # 00-864 of the Deed Records of San Jacinto County,
Texas. Account No. R78189/8040-071-0080.

The county eventually recovered a judgment and sold the property at a tax sale, however, the
judgment was vacated on February 27, 2006, as a result of Walter Mortgage Servicing Inc.'s
("Walter Mortgage") claiming an interest in the property pursuant to a deed of trust dated
December 11, 1998. (2)

 As set forth in the December 1998 deed, Katherine Crumley as Grantor conveyed an
interest in the subject property to Walter Mortgage by Purchase Money Deed of Trust naming
Mid-State Trust II and Jim Walter Homes, Inc. as beneficiaries of the property. The Purchase
Money Deed of Trust was recorded in Volume 300, Page 299 of the Official Records of San
Jacinto County, Texas. The legal description of the property contained in the deed of trust
is described in metes and bounds as a portion of Block No. 71 as follows:

 All that certain tract or parcel of land being a 50X140 ft. tract and being the
South half of that certain 100X140 ft. tract described in a correction deed from
Willis Building Company to Kathryn H. Crumley dated August 17, 1982 and
recorded in Volume 220, Page 765, deed records, San Jacinto County, Texas;


 Said 100X140 ft. tract being a portion of Block No. 71 (Seventy-one) being a
sectional block of the town (now incorporated city) of Shepard in San Jacinto
County, Texas, as described and depicted by the old official map and plat of
said city (then town) recorded in Vol. D, Page 282, deed records of San Jacinto
County, Texas;


 Said Block No. 71 being situated across First Street and Southerly from Block
66 (Sixty-six) of said Plat of Shepard, such property consisting of two
adjoining and continuous lots out of the most Northwesterly portion of said
sectional Block No. 71;


 Said 50X140 ft. tract being more fully described by metes and bounds as
follows:


 BEGINNING at the NW corner of said Block 71 at the intersection of First
Street and Mill Ave. and being the NW corner of said 100X140 ft. tract; 

 THENCE Southwesterly with the Easterly ROW of Hill Ave. 50 ft. to the NW
most corner and the Point of Beginning for herein described tract;


 THENCE Southwesterly and parallel to the Southerly ROW of First Street 140
ft. to the Westerly boundary of a 20 ft. alley or utility ROW in the center of
said Block 71;

 THENCE with said 20 ft. alley or utility ROW General Course Southwesterly
50 ft. to stake set for Southeast: corner of said 100X140 ft. tract;

 THENCE paralleling the Southerly margin of First Street;

 THENCE paralleling the Southerly margin of First Street and the Northerly
line of said Block 71. General Course Northwesterly a distance of 140 feet to
a stake for the Southwest corner of the herein described and conveyed property
in the West line of Block 71, being on the most Easterly margin of Hill Ave.; 

 THENCE with the Westerly margin or line of said Block 71, it being also the
most Easterly margin of Hill Ave. General Course Northeasterly 50 ft. to the
Place of Beginning.


 Marrs acquired the real property at issue from Walter Mortgage on March 9, 2006, by 
Contract of Sale. The deed issued by Walter Mortgage was not initially recorded. A
correction deed was issued and recorded on May 15, 2006. The property description set forth
in the Contract of Sale and attached as "Exhibit A" to the corrective deed is identical to the
property description set forth in the Purchase Money Deed of Trust naming Mid-State Trust
II and Jim Walter Homes, Inc. as beneficiaries. On May 16, 2006, San Jacinto County filed
Plaintiff's Second Amended Petition adding Amanda Leigh Marrs as a party defendant and
seeking delinquent taxes in an amount of $6,507.32 for the years 2000 through 2006. On
December 12, 2006, San Jacinto County filed its Third Amended Petition seeking $6,835.44
in delinquent taxes. San Jacinto County filed a Motion for Summary Judgment on January
24, 2007, claiming that there was no genuine issue of material fact and that it was entitled
to judgment as a matter of law on the ad valorem taxes against the real property at issue. 
After hearing argument from counsel, the trial court granted San Jacinto County's Motion
for Summary Judgment on March 15, 2007.

ISSUES AND STANDARD OF REVIEW


 Appellant contends that the trial court erred in granting summary judgment because
a fact issue exists as to whether the description of the property included on the rolls of the
taxing authority and in plaintiff's Third Amended Petition sufficiently describes appellant's
property. Specifically, Marrs argues that the description fails to describe her property as
described by metes and bounds in her deed from Walter Mortgage. Marrs argues that this
"discrepancy" is sufficient to raise a fact issue to be decided by a trier of fact. In the
alternative, Marrs argues this defective property description deprives her of notice of the
appraisal value and voids the appraisal value. Marrs further contends that any failure by her
to seek appropriate administrative remedies prior to asserting her defenses in this suit is
excused.

 We review the granting of a traditional motion for summary judgment de novo. 
Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). We must
determine whether the movant carried its burden to establish that there existed no genuine
issue of material fact and that it was entitled to judgment as a matter of law. Shah v. Moss,
67 S.W.3d 836, 842 (Tex. 2001). We assume all evidence favorable to nonmovant is true,
and we indulge every reasonable inference in favor of the nonmovant and resolve any doubts
in her favor. Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). "Once the
movant has established a right to summary judgment, the non-movant must expressly present
any reasons seeking to avoid the movant's entitlement, and must support the reasons with
summary judgment proof to establish a fact issue." Procter v. RMC Capital Corp., 47
S.W.3d 828, 830 (Tex. App.--Beaumont 2001, no pet.) (citation omitted). "Because the trial
court's order does not specify the grounds for its summary judgment, we must affirm the
summary judgment if any of the theories presented to the trial court and preserved for
appellate review are meritorious." Knott, 128 S.W.3d at 216. Because we hold that the
property description did not create a fact issue as to Marrs's ownership of the property or
notice of the appraisal value of the property, we affirm the judgment of the court below. 

SAN JACINTO COUNTY'S PRIMA FACIE CASE


 The Tax Code provides that tax records such as those submitted as evidence by San
Jacinto County constitute prima facie evidence of every material fact needed to establish its
cause of action for delinquent taxes. See Tex. Tax Code Ann. § 33.47(a) (Vernon 2008). 
Section 33.47(a) provides as follows:

 (a) In a suit to collect a delinquent tax, the taxing unit's current tax roll
and delinquent tax roll or certified copies of the entries showing the property
and the amount of the tax and penalties imposed and interest accrued
constitute prima facie evidence that each person charged with a duty relating
to the imposition of the tax has complied with all requirements of law and that
the amount of tax alleged to be delinquent against the property and the amount
of penalties and interest due on that tax as listed are the correct amounts.


Id. (emphasis added). When evidence is submitted as set forth in section 33.47(a), "[a] 
rebuttable presumption arises that the taxes in question are due, delinquent and unpaid." 
Nat'l Med. Fin. Servs., Inc. v. Irving Indep. Sch. Dist., 150 S.W.3d 901, 906 (Tex. App.--Dallas 2004, no pet.) (citing Flowers v. Lavaca County Appraisal Dist., 766 S.W.2d 825, 828
(Tex. App.--Corpus Christi 1989, writ denied)). This presumption also establishes that the
defendant owned the property on January 1 of the year for which the tax was imposed. Id.
(citing GE Capital Corp. v. City of Corpus Christi, 850 S.W.2d 596, 600 (Tex. App.--Corpus
Christi 1993, writ denied)); see also Estates of Elkins v. County of Dallas, 146 S.W.3d 826,
829 (Tex. App.--Dallas 2004, no pet.).

 After the taxing authority makes its prima facie case by introducing the
tax records required by section 33.47(a), the burden then shifts to the taxpayer
to show, by introducing competent evidence, that [s]he has paid the full
amount of taxes, penalties and interest, or that there is some other defense that
applies to h[er] case. 


Estates of Elkins, 146 S.W.3d at 829 (citing GE Capital Corp. 850 S.W.2d at 600). "In other
words, once the 33.47 presumption is established, the [defendant has] the burden 'to go
forward with [its] defensive evidence[.]'" Houston Indep. Sch. Dist. v. Old Farms Owners
Ass'n, 236 S.W.3d 375, 383 (Tex. App.--Houston [1st Dist.] 2007, pet. filed) (quoting Aldine
Indep. Sch. Dist. v. Ogg, 122 S.W.3d 257, 264 (Tex. App.--Houston [1st Dist.] 2003, no
pet.)).

 San Jacinto County attached to its Motion for Summary Judgment a Certification of
the Delinquent Tax Records and certified copies of the entries from the delinquent tax roll
showing the property and the amount of the tax and penalties imposed and interest accrued. 
In addition, San Jacinto County attached an Affidavit of Value in which the Deputy Tax
Assessor Collector described the property as follows:

 Being all that certain tract or parcel of land being a 50 X 140 ft. tract and being
the South half of that certain 100 X 140 ft. tract described in a correction deed
from Willis Building Company to Kathryn H. Crumley dated August 17, 1982
and recorded in Volume 220, Page 765, deed records, San Jacinto County
Texas and also described as being Lot 2, Block 71, SHEPHERD TOWNSITE,
San Jacinto County, Texas, described in Document #00-864 of the Deed
Records of San Jacinto County, Texas. Account No. R78189/8040-071-0080. (3) 

Further, the Deputy Tax Assessor Collector attested that according to the most recent
appraisal roll of the appraisal review board, the appraised value of the property was $27,390. 
San Jacinto County attached an additional affidavit in which the Deputy Tax Assessor
Collector attested that Marrs owns the property at issue, that in the tax years 2000-2006, San
Jacinto County and the taxing districts for which it collects assessed ad valorem taxes against
the property owned by Marrs, and that all payments and credits received on that account were
applied as reflected on the Certified Tax Statement. The certified copies of the entries from
the delinquent tax roll identify the property as follows:

 R78189 8040-071-0080 (74763)

 Shepherd Townsite, Block 71, Lots 2, Acres .1607 

 000000078189-000000074763


 The evidence attached to San Jacinto County's motion for summary judgment
established a prima facie case of every material element needed to establish its cause of
action to collect the delinquent taxes. See Tex. Tax. Code Ann. § 33.47(a). At that point,
the burden shifted to Marrs to rebut the presumption with competent evidence. See Davis
v. City of Austin, 632 S.W.2d 331, 333 (Tex. 1982). We conclude that Marrs failed to meet
her burden to preclude judgment for the delinquent taxes.

MARRS'S NON-OWNERSHIP DEFENSE


 The crux of Marrs's response to San Jacinto County's Motion for Summary Judgment
is her argument that a fact issue exists as to whether she is the owner of the property
described in the tax records and in Plaintiff's Third Amended Petition. Specifically, Marrs
contends that she owns "Lot 11" and "Lot 12" and not "Lot 2" and that there is no "Lot 1"
or "Lot 2" in existence. (4) Marrs's ownership defense fails for two reasons: 1) Marrs failed
to plead the affirmative defense of non-ownership, and 2) even if Marrs had pled the
affirmative defense, the evidence submitted fails to raise a fact issue as to Marrs's ownership
of the property.

 San Jacinto County argues that Marrs waived her non-ownership defense by not
asserting it at the administrative level. The Texas Supreme Court has held that the defense
of non-ownership is waived when a property owner fails to exhaust its administrative
remedies. Robstown Indep. Sch. Dist. v. Anderson, 706 S.W.2d 952, 952-53 (Tex. 1986)
(citing Tex. Tax Code Ann. § 42.09(a) (Vernon 1982)). (5) Section 42.09(a) of the Tax Code
provides:

 (a) Except as provided by Subsection (b) of this section, procedures
prescribed by this title for adjudication of the grounds of protest authorized by
this title are exclusive, and a property owner may not raise any of those
grounds:


 (1) in defense to a suit to enforce collection of delinquent taxes; or


 (2) as a basis of a claim for relief in a suit by the property owner to
arrest or prevent the tax collection process or to obtain a refund of taxes paid.


Tex. Tax Code Ann. § 42.09(a) (Vernon 2008). Section 42.09(b) of the Tax Code permits
non-ownership to be raised as an affirmative defense if the suit is to enforce personal liability
for the tax, even when the taxpayer failed to protest ownership under the administrative
procedure. Id. § 42.09(b); see also Barnett v. County of Dallas, 175 S.W.3d 919, 922 (Tex.
App.--Dallas 2005, no pet.). Section 42.09(b)(1) provides:

 (b) A person against whom a suit to collect a delinquent property tax
is filed may plead as an affirmative defense:


 (1) if the suit is to enforce personal liability for the tax, that the
defendant did not own the property on which the tax was imposed on January
1 of the year for which the tax was imposed[.]


Tex. Tax Code Ann. § 42.09(b)(1) (emphasis added).

 San Jacinto County argues that section 42.09(b)(1) does not apply in the present case
because the suit is "in rem" citing to its motion for summary judgment and the judgment
entered by the trial court. Although San Jacinto County's Third Amended Petition prays for
both foreclosure of the tax liens and a personal judgment against the defendants who own the
property, its Motion for Summary Judgment, as well as the trial court's judgment granting
its motion, are "in rem only" and speak only to foreclosure of the tax lien. The judgment
signed by the trial court is "in rem only" and denies recovery on any and all other theories
pled and against all other parties. Lehmann v. Har-Con Corp., 39 S.W.3d 191 (Tex. 2001).
Therefore, we need not determine whether the non-ownership affirmative defense as set forth
in section 42.09(b)(1) of the Tax Code applies because Marrs did not plead the affirmative
defense in accordance with Rule 94 of the Texas Rules of Civil Procedure. Non-ownership
is an affirmative defense that must be pled or it is waived. See Tex. Tax. Code Ann. §
42.09(b); Tex. R. Civ. P. 94; see also Land Title Co. of Dallas, Inc. v. F.M. Stigler Inc., 609
S.W.2d 754, 756 (Tex. 1980) (holding that affirmative defense must be pled or it is waived). 
In addition, even if Marrs had pled the affirmative defense, the evidence submitted in support
of her non-ownership defense fails to raise a fact issue as to her ownership of the property. 

 As set forth above, San Jacinto County established a prima facie case by attaching
certified copies of the delinquent tax roll entries showing the property and the amount of the
tax and penalties imposed and interest accrued. In the Affidavit of Value, the Deputy Tax
Assessor Collector specifically described the property. Finally, the Deputy Tax Assessor
Collector verified that according to records of the taxing unit, Marrs is the owner of the
property as described. In response to San Jacinto County's motion for summary judgment,
Marrs submitted a copy of her Contract of Sale from Walter Mortgage, an Arbitration
Agreement, a copy of the corrective deed, and a San Jacinto County 2005 CAD (6) record,
which appears to have been printed from the internet.

 The legal description of the property as set forth in the first paragraph of Marrs's deed
is virtually identical to the legal description in the affidavit submitted by the Deputy Tax
Assessor Collector. Marrs's deed described the property in pertinent part as follows:

 All that certain tract or parcel of land being a 50 X 140 ft. tract and being the
South half of that certain 100 X 140 ft. tract described in a correction deed
from Willis Building Company to Kathryn H. Crumley dated August 17, 1982
and recorded in Volume 220, Page 765, deed records, San Jacinto County,
Texas.


The Deputy Tax Assessor Collector attested to the following description of the property:


 Being all that certain tract or parcel of land being a 50 X 140 ft. tract and being
the South half of that certain 100 X 140 ft. tract described in a correction deed
from Willis Building Company to Kathryn H. Crumley dated August 17, 1982
and recorded in Volume 220, Page 765, deed records, San Jacinto County
Texas and also described as being Lot 2, Block 71, SHEPHERD TOWNSITE,
San Jacinto County, Texas, described in Document #00-864 of the Deed
Records of San Jacinto County, Texas. Account No. R78189/8040-071-0080.


The only other evidence submitted by Marrs in support of her contention that she does not
own the property at issue is the 2005 San Jacinto County CAD record. (7)

 The property on the CAD record is identified as Shepherd Townsite, Lot 11, Block
71. The owner is listed as Katherine Crumley. The property is carried on the San Jacinto
County Appraisal Roll with an account number of R78191 and a Geo ID (8) number of 8040-071-0110. The property at issue in this lawsuit (Lot 2, Block 71) is listed on the San Jacinto
County Appraisal Roll with an account number of 78189 and a Geo ID number of 8040-071-00080. The CAD record submitted by Marrs neither supports her contention that she owns
Lot 11 nor her contention that she does not own Lot 2. On this record, we cannot conclude
that Marrs's summary judgment evidence raised a fact issue as to her ownership of the
property at issue in this case. 

MARRS'S LACK OF NOTICE DEFENSE 


 In the alternative to Marrs's non-ownership defense, Marrs contends that the defective
property description deprived her of notice of the appraised property value such that the
appraisal value relied upon by San Jacinto County is void. We disagree. The only evidence
submitted by Marrs in support of her contention that she did not receive proper notice is the
evidence she submitted in support of her contention that the description of the property was
defective. Marrs failed to raise a fact issue as to her ownership of the property; therefore, 
we hold the property description was sufficient to put Marrs on notice of the appraisal value
of the subject property. 

 Section 25.03 of the Tax Code provides that "[p]roperty shall be described in the
appraisal records with sufficient certainty to identify it." Tex. Tax Code Ann. § 25.03(a)
(Vernon 2008); see also Matagorda County Appraisal Dist. v. Coastal Liquids Partners,
L.P., 165 S.W.3d 329, 335 (Tex. 2005); Slaughter v. City of Dallas, 101 Tex. 315, 107 S.W.
48, 49 (1908) (Concluding that no more particularity of description of property is required
in tax assessment than in a conveyance or a partition decree). The description must be
sufficient to identify the property with reasonable certainty, either by itself or by reference
to another existing writing. Jamison v. City of Pearland, 489 S.W.2d 636, 641 (Tex. App.--Houston [1st Dist.] 1972, writ ref'd n.r.e.). Marrs cites no authority for her contention that
the tax records must set forth a legal property description in terms of metes and bounds, and
we conclude that such is not the standard under Texas law.

 The property description as attested to by the Deputy Tax Assessor Collector and
referenced on the certified delinquent tax roll records is sufficient to identify the subject
property with reasonable certainty. Section 33.43 of the Tax Code sets forth the requirements
for a petition initiating suit to collect a delinquent property tax. It does not set forth a
standard for the description of the property and requires only that the petition allege that "tax
in a stated amount was legally imposed on each separately described property for each year
specified and on each person named if known who owned the property on January 1 of the
year for which the tax was imposed[.]" Tex. Tax Code Ann. § 33.43(a)(2) (Vernon 2008). 
Thus, the only requirement imposed by the pleading statute as to the description of the
property is that the property be described. See id. Thus, we find that Marrs has failed to
sustain her burden to produce any credible evidence to raise an issue of material fact that she
failed to receive notice of the appraised value of the subject property so as to preclude
summary judgment in favor of the taxing entities.

 Finally, Marrs's contention that San Jacinto County acted outside of its statutory
authority in describing the property is equally without merit. If a state agency acts without
authority and contrary to express statutes, the aggrieved party may appeal directly to the
courts. MAG-T, L.P. v. Travis Cent. Appraisal Dist., 161 S.W.3d 617, 625 (Tex. App.--Austin 2005, pet. denied). In such a case, the purposes underlying the exhaustion rule are
not applicable because the agency's final action will be a nullity. Id. Marrs cites no statutes
that San Jacinto County allegedly violated in describing the subject property. To the
contrary, the taxing unit has the authority and obligation to describe the property in the
appraisal records. See Tex. Tax Code Ann. § 25.03(a). Additionally, Marrs failed to submit
any competent summary judgment evidence which supports her contention that San Jacinto
County changed the description of the subject property from "Lot 11" to "Lot 2." We
conclude that San Jacinto County described the subject property in compliance with the Tax
Code. 

 We conclude the trial court did not err in granting summary judgment in favor of
appellee. We overrule appellant's issue and affirm the trial court's summary judgment.

 AFFIRMED. 


 __________________________________

 CHARLES KREGER

 Justice

Submitted on January 11, 2008

Opinion Delivered August 14, 2008


Before McKeithen, C.J., Kreger and Horton, JJ.
1. San Jacinto Emergency Service District, Shepherd Independent School District, and
the City of Shepherd.
2. San Jacinto County's Motion to Vacate attached recorded instruments detailing the
legal description of the property as well as some transfer history of the subject property. 


In December 1998, Katherine Crumley as Grantor conveyed an interest in the subject
property to Walter Mortgage by Purchase Money Deed of Trust naming Mid-State Trust II
and Jim Walter Homes, Inc. as beneficiaries of the property. The Purchase Money Deed of
Trust was recorded in Volume 300, Page 299 of the Official Records of San Jacinto County,
Texas.


On January 11, 2000, the property appears to have been conveyed by warranty deed from
Grantor Ruby Thomas back to Katherine Crumley. The deed described the property
including improvements as follows:


 BEING LOTS ONE (1) AND TWO (2) IN SECTIONAL BLOCK
SEVENTY-ONE (71), LYING DIRECTLY SOUTH OF BLOCK SIXTY-FIVE (65), IN THE TOWN OF SHEPHERD, SAN JACINTO COUNTY,
TEXAS, AS SHOWN ON PLAT RECORDED IN VOLUME D, PAGE 282,
OF THE DEED RECORDS OF SAN JACINTO COUNTY, TEXAS, SAID
LOT BEING FIFTY FEET BY ONE HUNDRED FORTY FEET (50' X 140'),
AND LYING IN THE NORTHWEST CORNER OF SAID SECTION
BLOCK. 


On the record, the January 11, 2000, deed is the first reference to the description of the
property as Lots 1 and 2. 


The January 11, 2000, warranty deed was recorded in Document #00-864 of the deed records
of San Jacinto, County, Texas. As San Jacinto County recognized in its Motion to Vacate,
the December 11, 1998, deed and the January 11, 2000, deed appear to describe the same
property as recorded in Volume D, Page 282, of the deed records of San Jacinto County,
Texas, the subject property being 50 X 140 feet and lying in the Northwest corner (or the
most Northwesterly portion) of Block 71. 


In February 2000, the property was conveyed by Katherine Crumley to Gregory C. Randle,
Sr. in a General Warranty Deed with a Vendor's Lien in favor of Third Party (Mortgage Edge
Corporation) recorded in Document #00-865. The subject of Lot Two (2) was omitted in
error from the General Warranty Deed to Gregory C. Randle, Sr. and added through an
"Affidavit" in June 2003, filed by Southwestern Title Company in Instrument # 03-4708,
Official Records of San Jacinto County, Texas. The vendor's lien was released by Mortgage
Edge Corporation in consideration for payment of the debt on October 30, 2003.

3. The legal description of the property set forth in Plaintiff's Third Amended Petition
is identical to the legal description set forth by the Deputy Tax Assessor Collector in the
Affidavit of Value.
4. To the extent Marrs is arguing that the property description is a clerical error, we note
that section 25.25 of the Tax Code grants a five-year window to correct a clerical error or
certain other limited errors. Tex. Tax Code Ann. § 25.25(c) (Vernon 2008). Specifically,
section 25.25(c) provides:


 (c) The appraisal review board, on motion of the chief appraiser or of a property
owner, may direct by written order changes in the appraisal for any of the five preceding
years to correct: 


 (1) clerical errors that affect a property owner's liability for a tax imposed in that tax year; 


 (2) multiple appraisals of a property in that tax year; or 


 (3) the inclusion of property that does not exist in the form or at the location 

 described in the appraisal roll. 


Id. § 25.25(c) (1)-(3). Marrs made no such motion. 
5. Section 42.09(a) of the Texas Tax Code as cited in Robstown was amended by Act
of April 23, 1987, 70th Leg., R.S., ch. 53, § 1, 1987 Tex. Gen. Laws 130; however
subsection (a) did not change substantively.
6. Central Appraisal District.
7. Notably, the record is not verified or submitted with an affidavit or any testimony that
establishes where it came from and how it is admissible as competent summary judgment
evidence. 
8. Geographic identifier.