**HARRIS COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT # 99, Appellant,**

v.

**Charles P. DUKE, Carolyn P. Duke, TLK Investments, Inc., Beal Bank, S.S.B., Bankers Trust Company, Trustee, and Sears, Roebuck & Co., Appellees.**

No. 01–00–01198–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 11, 2001.

Jason L. Bailey, Perdue, Brandon, Fielder, Collins, Mott, L.L.P., Houston, for Appellant.

Simon H. Hughes, Houston, for Appellee.

Panel consists of Chief Justice SCHNEIDER, and Justices WILSON and JENNINGS.

## OPINION

TERRY JENNINGS, Justice.

This appeal arises from a suit to collect delinquent ad valorem taxes brought against the appellees by Harris County Water Control and Improvement District number 99. Following a bench trial before an appointed tax master, the trial court ruled in favor of the District, and awarded it delinquent taxes, penalties, and interest. The trial court also awarded the District an amount of attorney's fees equal to 10 percent of the total base taxes owed. In its sole point of error, the District contends that it is entitled to recoup a greater amount of its attorney's fees than was awarded by the trial court.

We reverse the judgment of the trial court on the issue of the District's attorney's fees, and render judgment on the amount of attorney's fees the District may recover.

## Background

The District brought this lawsuit against the appellees for the recovery of delinquent ad valorem property taxes for the years 1995 through 1999 on two tracts of land in Harris County. In its first amended petition, the District also sought recovery of penalties, interest, attorney's fees, and court costs. TLK Investments, Inc. and Charles P. Duke answered and appeared. The remaining appellees did not appear.

The trial court referred the matter to a tax master, who conducted a bench trial and issued a report containing his findings and recommendations. The tax master recommended that judgment be rendered in favor of the District, and that the District be awarded delinquent base taxes for the years 1995 through 1999 in the amounts of $640.00, $624.00, $624.00, $592.00, and $592.00 respectively. He also recommended awarding the District statutory penalties equal to 12 percent of the unpaid base tax amounts, interest on the delinquent taxes at the rate of one percent per month from the date of their delinquency, and court costs.

The tax master further recommended that the District recover, as its attorney's fees, an amount equal to 10 percent of the delinquent base tax due, for a total attorney's fee of $307.20. The trial court adopted the recommendations of the tax master, and accordingly, rendered judgment in favor of the District and against all the appellees jointly and severally. The District filed a motion for new trial on the issue of its attorney's fees, which was denied by the trial court.

## Analysis

In its single issue on appeal, the District complains of the trial court's award of attorney's fees in the amount of 10 percent of the delinquent base tax owed. The tax master's recommendation regarding the amount of the District's recoverable attorney's fees, adopted by the trial court, was based on section 51.591 of the Texas Water Code. TEX. WATER CODE ANN. § 51.591 (Vernon 1972). Under the Water Code, an attorney retained by the District "is entitled to receive a fee of 10 percent of the amount of all delinquent taxes collected or paid" after suit is filed, and such fee "shall be charged as court costs" against the delinquent taxpayer. TEX. WATER CODE ANN. § 51.591(b) (Vernon 1972).

The District argues that the amount of its recoverable attorney's fees should not have been determined under the Water Code, but should have calculated pursuant to section 33.07 of the Texas Tax Code. TEX. TAX CODE ANN. § 33.07 (Vernon Supp. 2001). That section of the Tax Code allows taxing units to recover up to 15 percent of the amount of taxes, penalty, and interest due as an additional penalty to cover the taxing unit's collection costs. TEX. TAX CODE ANN. § 33.07(a) (Vernon Supp.2001). The District further contends that, to the extent a conflict exists between section 51.591 of the Water Code and section 33.07 of the Tax Code, the more recent provisions of the Tax Code should control, pursuant to the rules of statutory construction.

The determination of whether the amount of attorney's fees awarded by the trial court in this case was erroneous rests upon statutory construction of the provisions of the Water Code and the Tax Code. Matters of statutory construction are questions of law for the courts to decide. *Johnson v. City of Fort Worth,*

774 S.W.2d 653, 656 (Tex.1989). Our objective in construing a statute is to determine and give effect to the intent of the lawmaking body. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998); *City of Houston v. Morua,* 982 S.W.2d 126, 129 (Tex.App.— Houston [1st Dist.] 1998, no pet.). In so doing, we look first to the plain and common meaning of the statute's words. *Liberty Mut. Ins.,* 966 S.W.2d at 484; *see also Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 865 (Tex.1999). We also construe the statute in the light of the entire body of law existing at the time of its enactment. *City of Ingleside v. Kneuper,* 768 S.W.2d 451, 454 (Tex.App.— Austin 1989, writ denied). Further, we consider the entire statute, not simply the disputed portions. *Bridgestone/Firestone, Inc. v. Glyn-Jones,* 878 S.W.2d 132, 133 (Tex.1994); *Berel v. HCA Health Servs. of Texas, Inc.,* 881 S.W.2d 21, 25 (Tex.App.— Houston [1st Dist.] 1994, writ denied). Each provision must be construed in the context of the entire statute of which it is a part. *Bridgestone/Firestone, Inc.,* 878 S.W.2d at 133. We also should not adopt a construction that would render a law or provision absurd or meaningless. *See Chevron Corp. v. Redmon,* 745 S.W.2d 314, 316 (Tex.1987); *Mueller v. Beamalloy,* 994 S.W.2d 855, 860 (Tex.App.—Houston [1st Dist.] 1999, no pet.). In construing a statute, a court may consider the (1) object sought to be obtained; (2) circumstances under which the statute was enacted; (3) legislative history; (4) common law or former statutory provisions, including laws on the same or similar subjects; (5) consequences of a particular construction; (6) administrative construction of the statute; and (7) title (caption), preamble, and emergency provision. TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998). We review the relevant provisions of the Water Code and the Tax Code with these rules in mind.

## Application of the Tax Code

The creation and composition of water control and improvement districts, such as the appellant, are governed by the Water Code. TEX. WATER CODE ANN. §§ 51.011, 51.012 (Vernon 2000). Each district is permitted to employ an attorney to file suit to collect delinquent ad valorem taxes. TEX. WATER CODE ANN. § 51.591(a) (Vernon 1972). The attorney retained by the district "is entitled to receive a fee of 10 percent of the amount of all delinquent taxes collected or paid" after suit is filed, and such fees "shall be charged as court costs" against the delinquent taxpayer. TEX. WATER CODE ANN. § 51.591(b).

The District argues that its ability to recover its attorney's fees is governed by the Tax Code. With regard to the scope of its application, the Tax Code states:

> This title applies to a taxing unit that is *created by or pursuant to any general, special, or local law enacted before or after the enactment of this title* unless a law enacted after enactment of this title by or pursuant to which the taxing unit is created expressly provides that this title does not apply.

TEX. TAX CODE ANN. § 1.02 (Vernon 1992) (emphasis added). A "taxing unit" is defined as:

> [A] county, an incorporated city or town (including a home-rule city), a school district, a special district or authority (including a junior college district, a hospital district, *a district created by or pursuant to the Water Code,* a mosquito control district, a fire prevention district, or a noxious weed control district), or any other political unit of this state, whether created by or pursuant to the constitution or a local, special, or general law, *that is authorized to impose and is imposing ad valorem tax-*

*es on property* even if the governing body of another political unit determines the tax rate for the unit or otherwise governs its affairs.

TEX. TAX CODE ANN. § 1.04(12) (Vernon Supp.2001) (emphasis added).

▉ Based on the clear language of these provisions, the Tax Code was meant to apply to water control and improvement districts such as the appellant. Under the Tax Code, a taxing unit is entitled to recover attorney's fees in the amount of 15 percent of the total amount of taxes, penalties, and interest due to the unit, in addition to other costs authorized by law, in a suit to collect a delinquent tax. TEX. TAX CODE ANN. § 33.48(a)(5) (Vernon Supp. 2001). As an alternative to collecting attorney's fees, a taxing unit may forego recovery of attorney's fees, and may instead impose an "additional penalty" upon a delinquent taxpayer, not to exceed 15 percent of the amount of taxes, penalty, and interest due. TEX. TAX CODE ANN. § 33.07(a).

Applying the rules of statutory construction, we must determine whether the relevant provisions of the Water Code and the Tax Code regarding recovery of a taxing unit's attorney's fees conflict, and, if so, which provision prevails.

**The Tax Code prevails**

The Code Construction Act[1] expressly applies to each provision of the Tax Code. TEX. TAX CODE ANN. § 1.03 (Vernon 1992). That Act provides assistance to courts in construing conflicting statutes enacted by the legislature.

Section 59.591 of the Water Code is a *special* provision concerning recovery of attorney's fees in suits brought on behalf of a water control and improvement district. The provisions of the Tax Code, including those concerning the recovery of

attorney's fees, apply to all taxing units *generally,* including units such as the District. Because the Water Code authorizes a taxing unit, such as the District, to recover attorney's fees of no more than 10 percent of the base tax owed, while the Tax Code authorizes the same taxing unit to recover such fees in an amount up to 15 percent of the tax, penalty, and interest due, we conclude there is an apparent conflict between the relevant provisions of these Codes regarding the amount of attorney's fees a water control and improvement district may obtain in a suit brought to recover delinquent ad valorem taxes.

With regard to conflicts between general and special provisions, the Code Construction Act provides:

(a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

(b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, *unless the general provision is the later enactment and the manifest intent is that the general provision prevail.*

TEX. GOV'T CODE ANN. § 311.026 (Vernon 1998) (emphasis added).

In the present case, we cannot give effect to the provisions of both the Water Code and the Tax Code regarding recovery of attorney's fees by taxing units such as the District because they are in direct conflict. Applying the analysis of section 311.026(b), the special provisions of the Water Code must prevail, unless the general provisions of the Tax Code were en-

---

1. TEX. GOV'T CODE ANN. § 311.001 et seq. (Vernon 1998).

acted later and were manifestly intended to prevail.

Section 51.591 of the Water Code was enacted in 1971, and has remained in effect and unchanged since its enactment.[2] In 1979, the legislature passed Senate Bill number 621, which enacted the provisions of the Tax Code.[3] A taxing unit's ability to recover attorney's fees in the amount of 15 percent of the total amount of tax, penalty, and interest due, under section 33.48 of the Tax Code, was first enacted by amendment to the Code in 1981.[4] The ability of a taxing unit to impose an "additional penalty" not exceeding 15 percent of the amount of tax, penalty, and interest due, rather than seek attorney's fees, pursuant to section 33.07 of the Tax Code, was also added to the Tax Code in 1981.[5] By that same amendatory act, the definition of "taxing unit" in the Tax Code was expanded to include "a district created by or pursuant to the Water Code," such as the District.[6] The relevant provisions of the Tax Code were therefore enacted after the provision of the Water Code at issue.

■ When the Tax Code was first enacted, the legislature included the following amendatory language in Senate Bill 621: "All other general, local, and special laws in conflict with this Act are repealed to the extent of the conflict, and the failure expressly to repeal or amend any law in conflict with this Act is not evidence of a legislative intent that the law not be repealed."[7] This language, combined with the subsequent amendments to the Tax Code to expand its application to "district[s] created by or pursuant to the Water Code," demonstrates the legislature's manifest intent that the provisions of the Tax Code prevail over any conflicting provisions of the Water Code. Therefore, applying section 311.026(b), we conclude the provisions of the Tax Code concerning the collection of attorney's fees in a suit by a water control and improvement district prevail over section 51.591 of the Water Code. Accordingly, we hold the District was entitled to seek recovery of attorney's fees in the amount of 15 percent of the delinquent tax, penalty, and interest owed by the appellees.

In reaching our holding, we must distinguish *Lakeridge Dev. Corp. v. Travis County Water Control and Improvement Dist. No. 18,* 677 S.W.2d 764 (Tex.App.—Austin 1984, no writ). In that case, which also arose from a suit to recover delinquent ad valorem property taxes, the court of appeals held that a water control and improvement district could not recover attorney's fees under the provisions of the Tax Code, but was limited in its recovery of attorney's fees to 10 percent of the base tax owed by the delinquent taxpayer, pursuant to section 51.591 of the Water Code. *Id.* at 767. That court reasoned (1) the *in pari materia* rule, established by common law, required the general provisions of the Tax Code to yield to the special provisions of the Water Code, and (2) the legislation enacting the attorney's fees provisions of the Tax Code did not *expressly* repeal section 51.591 of the Water Code. *Id.*

**2.** Act of April 12, 1971, 62nd Leg., R.S., ch. 58, sec. 1, 1971 Tex. Gen. Laws 110, 362.

**3.** Act of May 24, 1979, 66th Leg., R.S., ch. 841, sec. 1, 1979 Tex. Gen. Laws 2217.

**4.** Act of August 14, 1981, 67th Leg., 1st C.S., ch. 13, sec. 131, 1981 Tex. Gen. Laws 117, 169.

**5.** Act of August 14, 1981, 67th Leg., 1st C.S., ch. 13, sec. 130, 1981 Tex. Gen. Laws 117, 168.

**6.** Act of August 14, 1981, 67th Leg., 1st C.S., ch. 13, sec. 2, 1981 Tex. Gen. Laws 117, 118.

**7.** Act of May 24, 1979, 66th Leg., R.S., ch. 841, sec. 6, 1979 Tex. Gen. Laws 2217, 2330.

At the time the *Lakeridge* court analyzed the interplay between the conflicting provisions of the Water Code and the Tax Code, the Code Construction Act [8] had not yet been enacted. Thus, the *Lakeridge* court did not address the fact that the attorney's fees provisions of the Tax Code were enacted after the conflicting provision of the Water Code, and did not address the manifest intent of the legislature to have the general provisions of the Tax Code prevail, pursuant to the analysis required by section 311.026 of the Code Construction Act. *See Lakeridge*, 677 S.W.2d at 767. We therefore find the reasoning of the court in *Lakeridge* distinguishable on this issue.

We must next determine which provision of the Tax Code, section 33.07 or section 33.48, governs the determination of the amount of attorney's fees the District may recover.

**The District's attorney's fees are recoverable under section 33.48**

 The Tax Code permits a taxing unit to recoup its collection costs as "attorney's fees" in the amount of 15 percent of the total amount of taxes, penalties, and interest owed. TEX. TAX CODE ANN. § 33.48(a)(5). Alternatively, a taxing unit may impose an "additional penalty" upon a delinquent taxpayer, not to exceed 15 percent of the amount of taxes, penalty, and interest due to recover its collection costs. TEX. TAX CODE ANN. § 33.07.

The District seeks to recover its collection costs through the imposition of a 33.07 penalty. Three separate actions must be taken before a penalty may be imposed pursuant to section 33.07:

(1) the taxing unit must contract with an attorney pursuant to section 6.30 of the Tax Code;

(2) the taxing unit must take action "in the manner required by law for official action by the body" to impose the penalty (such as passing a resolution); and

(3) notice of the delinquency and of the penalty must be delivered to the property owner within the required period of time.

TEX. TAX CODE ANN. § 33.07; *City of Houston v. First City*, 827 S.W.2d 462, 474 (Tex.App.—Houston [1st Dist.] 1992, writ denied). Although it is evident that the District contracted with an attorney for the collection of delinquent taxes pursuant to section 6.30, there is nothing in the record to indicate that the District took any official action to adopt the section 33.07 penalty or timely notified the appellees of the tax delinquency and the section 33.07 penalty. Therefore, we hold the record does not support the District's contention that it is entitled to impose a penalty on the appellees under section 33.07 of the Tax Code.

 In its first amended petition, the District prayed for "[p]ersonal judgment against [the appellees] ... for all taxes, penalties, interest, *attorney fees*, and costs that are due or will become due...." (Emphasis added.) Thus, the District is not constrained by its pleadings to recover its collection costs *only* under section 33.07, but may also recover its attorney's fees under section 33.48. Although some of the appellees answered by filing general denials in this suit, none raised the affirmative defense of "election of remedies." Election of remedies is an affirmative defense which must be specifically pleaded, and a general denial is not sufficient to raise such an affirmative defense. *France v. American Indem. Co.*, 648 S.W.2d 283, 285 (Tex.1983). Although a party may assert any and all causes of

---

8. Act of May 17, 1985, 69th Leg., R.S., ch. 479, sec. 1, 1985 Tex. Gen. Laws 1652, 1673.

action it may have against another, it will be limited to only one recovery of damages. *Thywissen v. Cron*, 781 S.W.2d 682, 687 (Tex.App.—Houston [1st Dist.] 1989, writ denied). Sections 33.07 and 33.48 of the Tax Code complement each other and have equivalent purposes. *City of Houston*, 827 S.W.2d at 474. In the present case, the District will recover an identical amount from the appellees, whether characterized as an "additional penalty" under section 33.07 or as attorney's fees under section 33.48. We conclude that the District is entitled to recover its attorney's fees calculated pursuant to the provisions of section 33.48 for all of the years in which a delinquent tax was determined to be owed.

### Calculation of attorney's fees under section 33.48

Section 33.48 authorizes recovery of attorney's fees in a suit for delinquent ad valorem tax based on a simple calculation of 15 percent of the tax, penalties, and interest owed. TEX. TAX CODE ANN. § 33.48(a)(5). Thus, we may render judgment for the District on the amount of its recoverable attorney's fees, based on the undisputed amounts of base tax, penalties, and interest owed by the appellees. It is uncontested that the appellees owed delinquent base taxes in the amount of $3,072.00 and penalties and interest in the amount of $1,263.04, for a total of $4,335.04. An award of attorney's fees of 15 percent of that amount totals $650.25.

### Conclusion

We reverse the judgment of the trial court on the issue of the amount of attorney's fees recoverable by the District, and we render judgment that the District recover attorney's fees in the amount of $650.25, in lieu of the $307.20 awarded by the trial court.

We affirm the judgment of the trial court in all other respects.