

November 16, 2023

Mr. Mark Bronson, D.C.
President
Texas Board of Chiropractic Examiners
1801 North Congress, Suite 10.500
Austin, Texas 78701

  **Opinion No. KP-0451**

  Re: Whether the Texas Board of Chiropractic Examiners has discretion to suspend or revoke a chiropractor's license under Texas Occupations Code section 201.5065 if the chiropractor is convicted of certain offenses (RQ-0510-KP)

Dear Dr. Bronson:

  You inquire whether the Texas Board of Chiropractic Examiners (the "Board") has discretion to suspend or revoke a chiropractor's license under Occupations Code section 201.5065 if the licensee is convicted of certain offenses.[1] That provision states the Board "shall suspend" a license for certain criminal violations and "shall revoke" a license upon final conviction for those offenses. TEX. OCC. CODE § 201.5065. You contrast this provision with Occupations Code section 201.502 and section 53.021, relevant portions of which both provide that the Board "may" suspend or revoke a license based on certain criminal convictions. *Id.* §§ 201.502, 53.021; Request Letter at 2.

  **A court would likely resolve any conflict between the Board's mandatory duty under section 201.5065 and authorities under section 201.502 or section 53.021 by applying the more specific provision.**

  Occupations Code section 201.5065 provides the Board "shall suspend a chiropractor's license on proof that the chiropractor has been" either "initially convicted" of any of five categories of criminal offenses or "subject to an initial finding by the trier of fact of guilt of a felony under" one of three specified statutory provisions. TEX. OCC. CODE § 201.5065(a). The provision further states that the Board "shall revoke the chiropractor's license" upon "final conviction" for offenses described in subsection 201.5065(a). *Id.* § 201.5065(b).

---

[1] *See* Letter from Mark Bronson, D.C., President, Tex. Bd. of Chiropractic Exam'rs, to Honorable Ken Paxton, Tex. Att'y Gen. at 3 (May 19, 2023), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2023/RQ0510KP.pdf ("Request Letter").

Section 201.5065 thus imposes a duty on the Board to suspend or revoke a chiropractor's license where the requirements of the statute are met. *See* TEX. GOV'T CODE § 311.016(2) (recognizing that generally "shall" imposes a duty); *Sanchez v. Tex. State Bd. of Med. Exam'rs*, 229 S.W.3d 498, 515 n.13 (Tex. App.—Austin 2007, no pet.) (recognizing that an Occupations Code provision that mirrors section 201.5065's language "*requires* the Board [of Medical Examiners] to suspend a physician's license on proof that the physician has been initially convicted of a felony" (emphasis added)); *but see Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) ("[W]e have held language that appears to impose a mandatory duty to be only directory when this interpretation is most consistent with the Legislature's intent.").

Presuming the language in section 201.502 and section 53.021 is discretionary, the Board's duties under section 201.5065 are in tension with its authority under those provisions. *See* TEX. GOV'T CODE § 311.016(1) (recognizing that generally "may" creates discretionary authority or grants permission or power). Where one provision is general and the other more specific, a court would likely resolve any resulting conflict by applying the more specific provision.

**When specific and general statutory provisions conflict, the specific provision typically prevails.**

When interpreting statutes, a court's "objective is to ascertain and give effect to the Legislature's intent[.]" *In re D.S.*, 602 S.W.3d 504, 514 (Tex. 2020). As the "most reliable guide to the Legislature's intent," courts "look to the plain language, construing the text in light of the statute as a whole." *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019). Where statutory provisions overlap, courts "[t]o the extent possible . . . construe the different provisions in a way that harmonizes rather than conflicts." *In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 716 (Tex. 2015); *see* TEX. GOV'T CODE § 311.026(a). But where two provisions "are ambiguous or irreconcilable," courts may employ the rule of construction that "a specific provision controls over a general provision . . . ." *State ex rel. Best v. Harper*, 562 S.W.3d 1, 10 (Tex. 2018); *see* TEX. GOV'T CODE § 311.026(b). When comparing general and specific provisions, the general provision will control only if it "is the later enactment and the manifest intent is that the general provision prevail." *Harris Cnty. Appraisal Dist. v. Tex. Workforce Comm'n*, 519 S.W.3d 113, 122 (Tex. 2017); TEX. GOV'T CODE § 311.026(b). With these rules of construction, we construe section 201.5065 in connection with sections 201.502 and 53.021.

**Occupations Code section 201.5065 prevails over 201.502 where the two provisions conflict.**

We first consider whether the Board retains discretion to suspend or revoke a chiropractor's license under Occupations Code section 201.502. As relevant here, subsection 201.502(a) provides that the Board "may revoke or suspend a license" for "being convicted of a crime involving moral turpitude or a felony[.]" TEX. OCC. CODE § 201.502(a)(5). Subsection 201.502(c) provides that the Board "may" revoke or suspend a chiropractor's license due to the "license holder's violation of a law of this state, other than [Occupations Code chapter 201], or a rule of another licensing board in this state, or of a statute or rule of another state . . . if the violation constitutes a violation of the laws of this state or a board rule." *Id.* § 201.502(c).

While Occupations Code sections 201.5065 and 201.502 are not coterminous, the circumstances under which they apply can overlap. For example, both provisions involve the Board's suspension or revocation of a chiropractor's license upon conviction for any felony offense. *Id.* §§ 201.5065(a)(1)(A), .502(a)(5), (c). In that situation, the provisions cannot be harmonized because the Board cannot both possess discretion to suspend or revoke a license under section 201.502 and lack discretion under section 201.5065. *Cf. In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d at 718 (finding provisions irreconcilable because "a record or proceeding is either confidential or not; it cannot be both"). Where, as here, "the literal terms of the two provisions cannot both be true, the terms of the specific provision ordinarily will prevail." *Id.* at 716.

Here, a court would likely conclude that section 201.5065 is the more specific provision that "prevails as an exception to the general provision" where it conflicts with section 201.502. TEX. GOV'T CODE § 311.026(b). As relevant to your inquiry, section 201.502 leaves it to the Board to decide whether to suspend a license, revoke a license, or place a licensee on probation upon "being convicted." TEX. OCC. CODE § 201.502(a)(5). By contrast, section 201.5065 sets forth a carefully constructed framework that delineates whether the licensee has been initially convicted, subject to an initial finding of guilt, or finally convicted of particular offenses. *Id.* § 201.5065. License suspension occurs upon initial conviction or an initial finding of guilt. *Id.* § 201.5065(a). License revocation occurs upon final conviction. *Id.* § 201.5065(b). These strictly circumscribed parameters demonstrate the intent for section 201.5065 to act as an exception to the discretion that section 201.502 gives the Board on whether to take disciplinary action.

Other aspects of the two provisions also support this likely conclusion. Section 201.502 applies to both licensees and applicants alike, as it also allows the Board to "refuse to admit a person to examinations . . . ." *Id.* § 201.502(a); *see id.* § 201.502(c). Section 201.5065 is more focused, applying only to current license holders. *See id.* § 201.5065. Section 201.5065 pertains to a specific subset of criminal offenses, whereas section 201.502 extends beyond violations of criminal law. *See, e.g., id.* § 201.502(a)(8) (pertaining to "having a habit of intemperance" that endangers a patient), 201.502(a)(11) (relating to advertising professional superiority), 201.502(c) (involving violations of "a rule of another licensing board in this state"). In other words, section 201.5065 is the specific provision because "the universe of conduct" on which suspension or revocation "must be premised is confined" to a narrower list of actions than in section 201.502. *Cf. City of Waco v. Lopez*, 259 S.W.3d 147, 154 (Tex. 2008) (concluding a statute that dealt specifically with retaliation for employment discrimination prevailed over a conflicting whistleblower provision that was not limited to workplace discrimination).

As the more specific provision, section 201.5065 prevails unless section 201.502 is a later-enacted statute that the Legislature manifestly intended to prevail. *See Harris Cnty. Appraisal Dist.*, 519 S.W.3d at 122. Relevant portions of section 201.502 were enacted after section 201.5065.[2] However, the Legislature did not include language demonstrating a manifest intent for section 201.502 to prevail. *See Harris Cnty. Water Control & Imp. Dist. No. 99 v. Duke*, 59 S.W.3d 333, 338 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (concluding express

---

[2]*Compare* Act of May 23, 2017, 85th Leg., R.S., ch. 294, § 20, 2017 Tex. Gen. Laws 545, 550 (codified at TEX. OCC. CODE § 201.502(c)), *with* Act of May 27, 2005, 79th Leg., R.S., ch. 1020, § 32, 2005 Tex. Gen. Laws 3464, 3473 (codified at TEX. OCC. CODE § 201.5065).

language in the Tax Code expanding its application to the Water Code and repealing conflicting provisions elsewhere demonstrated manifest intent for the Tax Code to prevail). Accordingly, a court would likely conclude that section 201.5065 controls where the two provisions conflict.

**Occupations Code section 201.5065 prevails over section 53.021 where the two provisions conflict.**

We next consider Occupations Code section 53.021. That provision is in Title 2 of the Occupations Code, which is titled "General Provisions Relating to Licensing" and is unrelated to any specific licensing board. *See* TEX. OCC. CODE § 53.021. Section 53.021 provides that, subject to certain notice requirements, "a licensing authority may suspend or revoke a license, disqualify a person from receiving a license, or deny to a person the opportunity to take a licensing examination on the grounds that the person has been convicted of" one of three listed categories of offenses. *Id.* § 53.021(a). As "a licensing authority," this provision generally applies to the Board.[3]

As with section 201.502, there may be an overlap between section 201.5065 and section 53.021. For example, subsection 53.021(a)(1) allows, but does not require, the Board to revoke a license upon conviction for "an offense that directly relates to the duties and responsibilities of the licensed occupation[.]" *Id.* § 53.021(a)(1). A conviction could invoke both section 53.021 and section 201.5065 where it involves an offense referenced in section 201.5065 that directly relates to a licensee's duties and responsibilities as a chiropractor. Here again, the two provisions cannot be harmonized because the Board cannot possess discretion to suspend or revoke a chiropractor's license under section 53.021 and at the same time lack discretion regarding suspension and revocation under section 201.5065. Accordingly, a court would likely apply the specific provision over the general.

The suspension and revocation powers in section 53.021 are, with limited exceptions, granted to any "licensing authority." *Id.* § 53.021; *see also id.* § 53.002 (addressing the applicability of chapter 53). Conversely, the suspension and revocation duties contained in section 201.5065 are particular to the Board. *See id.* §§ 201.001(1) (defining "[b]oard" to mean the Texas Board of Chiropractic Examiners for purposes of chapter 201), 201.5065 (stating the "board" shall suspend or revoke a chiropractor's license). While this alone likely is sufficient to conclude that section 53.021 is the general provision, other aspects of section 53.021 also support this conclusion. *Cf. Mandel v. Lewisville Indep. Sch. Dist.*, 499 S.W.3d 65, 75 (Tex. App.—Fort Worth 2016, pet. denied) (concluding that the notice and pleading requirements for tax suits prevail over the generally applicable requirements for all suits). Unlike section 201.5065, section 53.021 applies to license applicants in addition to licensees. TEX. OCC. CODE § 53.021(a) (allowing a licensing authority to "disqualify a person from receiving a license[] or deny to a person the opportunity to take a licensing examination"). Relevant portions of subsection 53.021(a) were

---

[3]*See* TEX. GOV'T CODE § 2001.003(3), (7) (defining "[l]icensing" to include suspension and revocation by a "[s]tate agency" which is defined to include a state board); *see also* TEX. OCC. CODE § 53.001 (adopting definitions provided by Government Code chapter 2001).

enacted after section 201.5065,[4] but section 53.021 contains no language showing a manifest intent that it prevails.[5] Accordingly, where the two provisions conflict, a court would likely find that the Board's duties under section 201.5065 prevail over its authority under subsection 53.021(a).

---

[4]*See* Act of May 31, 2009, 81st Leg., R.S., ch. 616, § 3, 2009 Tex. Gen. Laws 1400, 1401–02 (codified at TEX. OCC. CODE § 53.021(a)).

[5]You also raise Occupations Code section 53.003. *See* Request Letter at 3. That provision requires chapter 53 to be liberally construed to carry out the Legislature's intent "to enhance opportunities for a person to obtain gainful employment after the person has: (1) been convicted of an offense; and (2) discharged the sentence for the offense." TEX. OCC. CODE § 53.003(a). You express uncertainty as to whether "this requirement for a liberal construction has any effect on the mandatory language in [section] 201.5065." Request Letter at 3. On its face, section 53.003 has no impact on whether section 53.021 is the more specific statute or was later enacted. The language employed in section 53.003 also does not demonstrate manifest intent that section 53.021 should prevail over section 201.5065 in the event of a conflict.

## S U M M A R Y

Occupations Code chapter 201 provides for the regulation of chiropractors by the Board of Chiropractic Examiners. Occupations Code chapter 53 is generally applicable to all licensing authorities. Occupations Code section 201.5065 states the Board "shall" suspend or revoke a chiropractor's license under the circumstances listed. Occupations Code sections 53.021 and 201.502 state the Board "may" suspend a license, revoke a license, or take other disciplinary actions under the circumstances set forth in each statute. Section 201.5065 is the more specific provision when compared with either section 53.021 or section 201.502. While relevant portions of section 53.021 and section 201.502 were adopted after section 201.5065, there is no manifest intent for either provision to prevail over section 201.5065. Therefore, a court would likely conclude Occupations Code section 201.5065 prevails over section 53.021 and section 201.502 in the event of a conflict.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

J. AARON BARNES
Assistant Attorney General, Opinion Committee