

February 12, 2025

The Honorable Marco A. Montemayor
Webb County Attorney
1110 Washington Street, Suite 301
Laredo, Texas 78040

**Opinion No. KP-0483**

Re: Whether a taxing unit is entitled to recover attorney's fees pursuant to Property Tax Code section 33.48 in certain circumstances (RQ-0544-KP)

Dear Mr. Montemayor:

You inquire whether a taxing unit is entitled to recover attorney's fees in certain circumstances.[1] You state the focus of your question is Property Tax Code Section 33.48, which provides for the recovery of costs and expenses in a delinquent property tax suit. Request Letter at 2; *see also* TEX. TAX CODE §§ 1.01 (providing that Title 1 of the Tax Code is known as the Property Tax Code), 33.48(a) (entitling a taxing unit to recover certain "costs and expenses in a suit to collect a delinquent tax"). But you also note that "[t]he issue at hand is the interplay between" Property Tax Code Sections 33.07 and 33.48. Request Letter at 1; *see also* TEX. TAX CODE § 33.07 (authorizing "an additional penalty to defray costs of collection" in relation to delinquent property taxes). To provide context for your question, we begin by examining the collection of delinquent property taxes and the role of sections 33.07 and 33.48 in that process.

> **Taxing units are statutorily entitled to penalties and interest on delinquent property taxes pursuant to Chapter 33 of the Property Tax Code.**

The property tax system has four main stages, the last of which is the collection of taxes. *See Pecos Cnty. Appraisal Dist. v. Iraan-Sheffield Indep. Sch. Dist.*, 672 S.W.3d 401, 411 (Tex. 2023) (explaining "[t]he 'assessment' and 'collection' of . . . taxes are later stages of the process, which can only take place" after the appraisal); TEX. COMPTROLLER OF PUB. ACCTS., TEXAS PROPERTY TAX BASICS 3 (2024) (listing appraisal, equalization, assessment, and collection as the system's four main phases). Collection begins on or around October 1, and unpaid taxes usually become delinquent on February 1 of the following year. *See* TEX. TAX CODE §§ 31.01(a), .02(a). Statutory penalties and interest then begin to accrue on most unpaid taxes. *See id.* § 33.01.

---

[1] *See* Letter from Hon. Marco A. Montemayor, Webb Cnty. Att'y, to Hon. Ken Paxton, Tex. Att'y Gen. at 2 (June 11, 2024), https://texasattorneygeneral.gov/sites/default/files/request-files/request/2024/RQ0544KP.pdf ("Request Letter"); *see also* TEX. TAX CODE § 1.04(12) (defining the term "taxing unit").

**Taxing units may impose an additional penalty to defray costs of delinquent tax collection pursuant to Section 33.07 of the Property Tax Code.**

Property Tax Code Section 33.07 authorizes a taxing unit to impose "an additional penalty to defray costs of collection" for certain delinquent taxes. *Id.* § 33.07(a). Specifically, the penalty applies to "taxes that become delinquent on or after February 1 of a year but not later than May 1 of that year and that remain delinquent on July 1 of the year in which they become delinquent." *Id.* Three actions are required before a taxing unit may impose a section 33.07 penalty:

> (1) The taxing unit must contract with an attorney pursuant to [section] 6.30 of the Tax Code;[2]
>
> (2) The taxing unit must take action "in the manner required by law for official action by the body" to impose the penalty (such as passing a resolution . . . ); and
>
> (3) Notice of the delinquency and of the penalty must be delivered to the property owner [at least thirty and not more than sixty days before July 1].

*Salvaggio v. Hous. Indep. Sch. Dist.*, 752 S.W.2d 189, 192 (Tex. App.—Houston [14th Dist.] 1988, writ denied) (footnote added). Relevant to the first required action, "[t]he amount of the penalty may not exceed the amount of the compensation specified in the contract with the attorney to be paid in connection with the collection of the delinquent taxes." TEX. TAX CODE § 33.07(a). Given that language, this office previously concluded that the section 33.07 penalty is "to be paid as compensation to the contract attorney." Tex. Att'y Gen. Op. No. JC-0443 (2001) at 2.

**A taxing unit that does not impose the section 33.07 penalty may recover attorney's fees in a suit to collect delinquent taxes pursuant to section 33.48 of the Property Tax Code.**

In addition to penalties and interest, state law authorizes a taxing unit to file a lawsuit to collect delinquent taxes. *See generally* TEX. TAX CODE §§ 33.41–.57. The suit may be filed "[a]t any time after its tax on property becomes delinquent" and may seek "to foreclose the lien securing payment of the tax,[3] to enforce personal liability for the tax, or both." *Id.* § 33.41(a) (footnote added). Section 33.43 specifies the required contents of the petition to initiate the suit, including that "the attorney signing the petition is legally authorized to prosecute the suit on behalf of the taxing unit." *Id.* § 33.43(a)(11). Central to your question, section 33.48 entitles a taxing unit to recover a variety of costs and expenses in a delinquent tax suit. *Id.* § 33.48(a).

---

[2] Subsection 6.30(c) authorizes a taxing unit's governing body to "contract with *any competent attorney* to represent the unit to enforce the collection of delinquent taxes" and limits the total amount of compensation the attorney may receive for such services. TEX. TAX CODE § 6.30(c) (emphasis added). This expressly includes the authority to contract with a private attorney. *Id.* § 6.30(a) (referencing the authority to "contract with a private attorney as provided by [s]ubsection (c) of this section").

[3] On January 1 of each year, a tax lien automatically attaches on each property owner's taxable properties, and "[t]he lien exists in favor of each taxing unit having power to tax the property." *Id.* § 32.01(a).

Subsection 33.48(a)(5) expressly provides for recovery of "costs and expenses" that include "attorney's fees in the amount of 15 percent of the total amount of taxes, penalties, and interest due the unit." *Id.* § 33.48(a)(5).

However, a taxing unit may not both recover attorney's fees under section 33.48 and impose the section 33.07 collection penalty. *Id.* § 33.07(c) (providing that, if a collection penalty is imposed, "a taxing unit may not recover attorney's fees in a suit to collect delinquent taxes subject to the penalty"). "To provide otherwise would permit a double recovery of costs," one court explained, as "sections 33.07 and 33.48 . . . complement each other and there is an equivalence of purpose between the two." *City of Houston v. First City*, 827 S.W.2d 462, 474 (Tex. App.—Houston [1st Dist.] 1992, writ denied) ("Section 33.07 collection fee penalties are not recoverable where attorney's fees are allowed for any tax year, and vice versa.").

Ultimately, the choice of which means to pursue in offsetting legal costs related to delinquent tax collection remains with the taxing unit. *See Harris Cnty. Water Control & Improvement Dist. v. Duke*, 59 S.W.3d 333, 337 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (recognizing that "a taxing unit may forego recovery of attorney's fees" under section 33.48 "and may instead impose an 'additional penalty' upon a delinquent taxpayer" pursuant to section 33.07 "[a]s an alternative to collecting attorney's fees"). With that background, we turn to your question.

**A taxing unit that contracts with an attorney to enforce the collection of delinquent taxes may—in lieu of imposing the section 33.07 collection penalty—recover section 33.48 attorney's fees in a delinquent tax suit initiated before July 1 of the year in which the taxes become delinquent.**

You ask whether the section 33.48 attorney's fees may be recovered under a narrow range of circumstances, specifically where: (1) a taxing unit does not seek a section 33.07 collection penalty;[4] (2) a suit to collect a delinquent tax is filed "after February 1 but before July 1 of the year in which the taxes become delinquent;" (3) the lawsuit is "filed by a law firm that represents the taxing unit and has a contract with said taxing unit" authorizing the attorney(s) to file such a suit in accordance with section 6.30; and (4) "[t]he delinquent taxes only include those accrued in the prior year." Request Letter at 2. We understand you to seek clarification about whether a taxing unit that contracts with a private attorney to enforce the collection of delinquent taxes may—in lieu of imposing the section 33.07 collection penalty—recover section 33.48 attorney's fees in a delinquent tax suit initiated before July 1 of the year in which the taxes become delinquent. We answer that question in the affirmative.

---

[4] We note that, in the scenario you present, the taxing unit has taken only one of the three actions necessary to impose a section 33.07 collection penalty—contracting with an attorney to represent the unit in enforcing the collection of delinquent taxes as authorized by section 6.30. *See* Request Letter at 1–2; *see also First City*, 827 S.W.2d at 474–75 (holding that tax entities were not entitled to recover a section 33.07 penalty where they had contracted with an attorney but not demonstrated that they had taken official action to adopt the penalty or timely notified the property owner of the penalty and delinquency). Indeed, the explanatory example you include features a lawsuit filed on February 15, in which case proper notice would be impossible. *See* Request Letter at 2; TEX. TAX CODE § 33.07(d) (stating that "the collector shall deliver a notice of delinquency and of the penalty to the property owner . . . not more than 60 days before July 1").

As previously explained, "taxes are due on receipt of the tax bill and are delinquent if not paid before February 1 of the year following the year in which imposed." TEX. TAX CODE § 31.02(a). In turn, a taxing unit may initiate a suit to collect such delinquent taxes "[a]t any time after its tax on property becomes delinquent."[5] *Id.* § 33.41(a). A taxing unit may therefore initiate a delinquent tax suit "after February 1 but before July 1 of the year in which the taxes become delinquent." Request Letter at 2. And where a taxing unit initiates such a suit, it may recover attorney's fees pursuant to section 33.48 so long as it has not imposed the "alternative to collecting attorney's fees" available under section 33.07. *Duke*, 59 S.W.3d at 337.

Texas courts have awarded attorney's fees in delinquent tax suits initiated by a taxing unit that contracted with an attorney for the collection of delinquent taxes.[6] *See, e.g., id.* at 339; *see also Parr v. State*, 743 S.W.2d 268, 274 (Tex. App.—San Antonio 1987, writ denied) (observing that section 33.48 "does not contain a prohibition against recovery of attorney's fees by a private attorney"). In *Duke*, a water control and improvement district brought suit to recover delinquent ad valorem property taxes. *Duke*, 59 S.W.3d at 335. The district had contracted with an attorney for the collection of delinquent taxes but failed to demonstrate that it had taken the other actions necessary to impose the section 33.07 penalty. *Id.* at 339. Recognizing that "the record [did] not support the District's contention that it [was] entitled to impose a penalty on the appellees under section 33.07 of the Tax Code," the court nonetheless held "that the District [was] entitled to recover its attorney's fees calculated pursuant to the provisions of section 33.48." *Id.* at 339–40. Since the provisions serve "equivalent purposes," section 33.48 remained available to the district where imposition of the section 33.07 penalty failed. *Id.* at 340. We see no reason to depart from the *Duke* court's reasoned treatment of issues similar to those in your request.

---

[5] Former state law provided that delinquent taxes could not be collected through a delinquent tax suit until after July 1 of the succeeding year. *See Atl. Richfield Co. v. Warren Indep. Sch. Dist.*, 453 S.W.2d 190, 201 n.5 (Tex. App.—Beaumont 1970, writ ref'd n.r.e.).

[6] A brief received by our office in response to your request argues that section 33.48 provides only for recovery of "amounts to assist in the compensation of salaried employees of the taxing unit." Brief from Travis Colbrunn, Tex. Prop. Tax Lienholders Ass'n at 2 (June 26, 2024) (on file with the Op. Comm.). We find no case that supports this interpretation of section 33.48. On the contrary, we find examples of courts awarding section 33.48 attorney's fees to taxing units that engage contract attorneys. *See, e.g., Duke*, 59 S.W.3d at 339–40; *Lakeridge Dev. Corp. v. Travis Cnty. Water Control & Improvement Dist.*, 677 S.W.2d 764, 765–67 (Tex. App.—Austin 1984, no writ) (awarding section 33.48 attorney's fees to a school district that "engaged an attorney to collect the delinquent taxes, penalties, and interest").

**S U M M A R Y**

Section 33.07 of the Property Tax Code authorizes a taxing unit to impose a penalty to defray the costs of delinquent tax collection. The section 33.07 penalty is solely for the purpose of providing compensation to a contract attorney.

Section 33.48 of the Property Tax Code provides that in a suit to collect a delinquent tax a taxing unit is entitled to recover attorney's fees. However, a taxing unit may not both recover attorney's fees under section 33.48 and impose the section 33.07 collection penalty.

A court would likely conclude a taxing unit that contracts with a private attorney to enforce the collection of delinquent taxes may—in lieu of imposing the section 33.07 penalty—initiate a delinquent tax suit after February 1 but before July 1 of the year in which the taxes become delinquent and recover section 33.48 attorney's fees.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

JOSHUA C. FIVESON
Chair, Opinion Committee

CHRISTY DRAKE-ADAMS
Assistant Attorney General, Opinion Committee