

**NUMBER 13-24-00205-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**KEVIN C. LOUDON, ET AL.,**                                               **Appellants,**

**v.**

**VICTORIA COUNTY,**                                                       **Appellee.**

---

**ON APPEAL FROM THE 24TH DISTRICT COURT
OF VICTORIA COUNTY, TEXAS**

---

**MEMORANDUM OPINION**

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Justice West**

The trial court granted summary judgment in favor of appellee Victoria County

(County) and awarded sums associated with appellants'[1] (Loudon) 2023 delinquent

---

[1] The appellants in this case are Kevin C. Loudon, if living, and if deceased, his unknown heirs; the unknown owner or owners of CHATELET SUBD LOT 27 BLOCK 1 in the City of Victoria, Victoria County, Texas; the executors, administrators, guardians, legal representatives, devisees of Kevin C. Loudon; and any and all other persons, including adverse claimants, owning or having any legal or equitable interest in or lien upon CHATELET SUBD LOT 27 BLOCK 1 in the City of Victoria, Victoria County, Texas.

taxes, penalties and interest, and section 33.48 attorney's fees. *See* TEX. TAX CODE §§ 33.01, 33.48(a)(5). Loudon argues by three multifarious issues, which we construe as two, that (1) the County was not entitled to collect both section 33.48 attorney's fees and section 33.01 penalties and interest on his delinquent taxes, and (2) the County could not collect section 33.48 attorney's fees on his 2023 delinquent taxes because those taxes became delinquent after the underlying suit was filed in 2017. We affirm.

## I. BACKGROUND

Loudon failed to pay property taxes for the years 2014, 2015, and 2016. In March 2017, the County initiated the instant delinquent tax suit under Chapter 33, Subchapter C of the Texas Tax Code. *See id.* §§ 33.41–33.57. In July of that year, Loudon and the County entered an official payment agreement to pay off the foregoing three years of unpaid taxes and the resulting fees. *See id.* § 33.02 (statute governing installment agreements for delinquent taxes). Pursuant to the agreement, "counsel for the parties . . . will sign and enter a Joint Motion for Dismissal With Prejudice and Agreed Order of Dismissal With Prejudice regarding all claims advanced in the Lawsuit."

Loudon was responsible for paying all the district clerk fees associated with the lawsuit as part of the agreement.[2] Loudon did not pay the court costs. In 2022, the County sent a notice to Loudon requesting that he remit payment to the district clerk, so the parties could dismiss the lawsuit. However, Loudon did not respond, and the lawsuit was never dismissed.

Loudon paid the final payment related to the payment agreement on January 31, 2020, including some newly accrued fees for missed payments and for paying his 2019

---

[2] While absent from the record, both parties conceded this fact.

property taxes late. Loudon paid his property taxes for 2020, 2021, and 2022 without issue. However, Loudon's 2023 taxes became delinquent on February 1, 2024. Loudon made two late payments, and according to his delinquent tax records, a remaining balance of $521.24 remained if paid in March, or $530.80 if paid in April.

Shortly thereafter, Loudon filed a motion to dismiss the suit with prejudice, and on February 9, 2024, paid the remaining court costs. In response, on March 21, 2024, the County filed a motion for summary judgment to obtain the "outstanding balance of [the 2023] delinquent taxes, penalties, interest and attorney's fees owed."

In April 2024, the trial court granted the County's motion for summary judgment and awarded it $530.80. This appeal followed.

## II.    DISCUSSION

### A.    Standard of Review

"We review grants of summary judgment de novo." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). In de novo review, we exercise our own discretion and grant no deference to the trial court's decision. *Vaughn v. Vaughan*, 710 S.W.3d 412, 418 (Tex. App.—Eastland 2025, pet. denied) (citing *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998)). A claimant is entitled to summary judgment if it has proved "that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law." *Fortitude Energy, LLC v. Sooner Pipe LLC*, 564 S.W.3d 167, 179 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

### B.    Applicable Law

Texas property taxes "are delinquent if not paid before February 1 of the year following the year in which imposed." TEX. TAX CODE § 31.02(a). Under section 33.01,

3

delinquent property taxes incur automatic (1) penalties of six percent for the first month the tax is delinquent plus one percent for each additional month or portion thereof that the tax remains unpaid until July 1[3] and (2) interest of one percent for each month or portion thereof that the tax remains unpaid. *Id.* § 33.01(a), (c). The foregoing penalties and interest are incurred automatically "as long as the taxes remain unpaid, regardless of whether a judgment for the delinquent taxes has been rendered." *City of Bellaire v. Sewell*, 426 S.W.3d 116, 119 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

A taxing unit, such as the County in this case, may initiate a suit to recover delinquent taxes. *See* TEX. TAX CODE § 33.41(a). If "the person sued owned the property on January 1 of the year for which the taxes were imposed," the taxing unit shall include a prayer "for personal judgment for all taxes, penalties, interest, and costs that are due or *will become due* on the property." *Id.* § 33.43(b) (emphasis added). Further, the "taxing unit is entitled to recover" various enumerated costs and fees including "attorney's fees in the amount of 15 percent of the total amount of taxes, penalties, and interest due the unit." *See id.* § 33.48(a)(5) (referred herein as section 33.48 attorney's fees). Taxes that become delinquent after the taxing unit files its tax delinquency suit but before a judgment is entered are merged into the suit. *See id.* § 33.42(b) (providing that "[i]f a taxing unit's tax on real property becomes delinquent after the unit files suit to foreclose a tax lien on the property but before entry of judgment, the court shall include the amount of the tax and any penalty and interest in its judgment"); *see, e.g.*, *Hydrogeo, LLC v. Quitman Indep. Sch. Dist.*, 483 S.W.3d 51, 57 (Tex. App.—Texarkana 2016, no pet.) (providing that even

---

[3] Other automatic penalties are imposed for a tax that remains delinquent beyond July 1. *See* TEX. TAX CODE § 31.01(a).

4

where the taxing unit did not provide the most recent tax statement in discovery, it was entitled to all taxes that became delinquent during the pendency of the tax delinquency suit); *Williams v. County of Dallas*, 194 S.W.3d 29, 33 (Tex. App.—Dallas 2006, pet. denied) (same).

## C.    Analysis

Loudon first argues the County was not entitled to section 33.48 attorney's fees because the County levied section 33.01 penalties and interest. *See* TEX. TAX CODE §§ 33.01(a), 33.01(c), 33.48(a)(5). We note that it is unclear from the record what proportion of the final award was attributed to section 33.48 attorney's fees. Regardless, for the reasons below, we disagree with Loudon's argument.

Loudon relies entirely on *Spring Branch Independent School District v. Siebert* which held that when "a penalty has been assessed under sections 33.01 or 33.07, the Tax Code prohibits a taxing unit from recovering attorney's fees under section 33.48." 100 S.W.3d 520, 527 (Tex. App.—Houston [1st Dist.] 2003, no pet.). In *Siebert*, the taxing unit assessed both section 33.01 penalties and interest and section 33.07 penalties. *Id.* at 526. It then sought section 33.48 attorney's fees. *Id.* The court found that the taxing unit was not entitled to section 33.48 attorney's fees. *Id.* at 527.

While section 33.07 and 33.08 are not relevant to this appeal, we agree with *Siebert*'s holding that penalties assessed under those sections prohibit a taxing unit from recovering attorney's fees.[4] However, we disagree with *Siebert* to the extent it holds that

---

[4] Loudon argues extensively in his appellate brief that the County could not have awarded section 33.07 or section 33.08 additional penalties and section 33.48 attorney's fees. *See* TEX. TAX CODE §§ 33.07(a), 33.08(b). However, the County did not impose (nor was it granted) section 33.07 or section 33.08 penalties. Instead, the record indicates that the final award was some proportion of section 33.01 penalties and interest and section 33.48 attorney's fees. *See id.* §§ 33.01, 33.48. Thus, we do not address this issue.

penalties assessed *solely under section 33.01*, as in this case, preclude an award of attorney's fees under section 33.48. *See* TEX. TAX CODE §§ 33.01, 33.48. First, such would render an award of attorney's fees under section 33.48 impossible for a taxing unit to obtain because section 33.01 fees are incurred automatically by statute when taxes become delinquent, requiring no lawsuit or judgment. *See id*. § 33.01(a); *Sewell*, 426 S.W.3d at 119. Second, in contrast to section 33.07—which expressly provides that if its penalties are imposed, then attorney's fees are not recoverable in a tax delinquency lawsuit—section 33.01 contains no such prohibition on attorney's fees. *See* TEX. TAX CODE §§ 33.01, 33.07; *Harris Cnty. Water Control & Improvement Dist. No. 99 v. Duke*, 59 S.W.3d 333, 337 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (providing that section 33.07(a)'s penalty to defray the costs of collection is merely an alternative remedy to attorney's fees available to a taxing unit under 33.48(a)(5)). Third, Texas courts have consistently awarded both section 33.01 automatic penalties and interest and section 33.48 attorney's fees. *See, e.g.*, *Willie v. Harris County*, 499 S.W.3d 907, 911 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (finding the taxing unit was entitled to an award for section 33.48 attorney's fees despite having already collected section 33.01 penalties and interest); *Duke*, 59 S.W.3d at 340 (providing that the taxing unit was entitled to section 33.48 attorney's fees and section 33.01 penalties and interest under section 33.01); *Bryan Indep. Sch. Dist. v. Lamountt*, 726 S.W.2d 192, 194 (Tex. App.—Houston [14th Dist.] 1987, no writ) (holding the taxing unit was entitled to section 33.01 penalties and interest and section 33.48 attorney's fees).

Thus, we hold the County was not precluded from obtaining section 33.48 attorney's fees on the basis that it also obtained section 33.01 penalties and interest. *See* TEX. TAX CODE §§ 33.01, 33.48. We overrule Loudon's first issue.

Loudon lastly argues that the County was not entitled to section 33.48 attorney's fees because, he contends, such remedy was unavailable for his 2023 taxes. He contends sections 33.42 and 33.43 allow a taxing unit to recover remedies related only to taxes that were delinquent when it filed suit. *See* TEX. TAX CODE §§ 33.42, 33.43. Because his 2023 taxes were not yet delinquent when the County filed suit in 2017, he argues the County could not obtain section 33.48 attorney's fees for that year. Again, we disagree.

Under section 33.43(b), a taxing unit "*shall*" include a prayer "for personal judgment for all taxes, penalties, interest, and costs that are due or *will become due* on the property." *Id.* § 33.43(b) (emphasis added). Here, the County's 2017 original petition prayed for the "total amount of all delinquent taxes, penalties and interest, *including taxes, penalties and interest becoming delinquent during the pendency of this suit*, costs of court, *attorney's fees*, abstract fees, and expenses of foreclosure sale." *See id.* While the current suit was pending, Loudon's 2023 delinquent taxes were merged into this suit when they became delinquent on February 1, 2024. *See id.* §§ 33.42(b), 33.43(b); *see also Hydrogeo*, 483 S.W.3d at 57; *Williams*, 194 S.W.3d at 33. At that time, the County was entitled to seek section 33.48 attorney's fees related to such taxes. *See* TEX. TAX CODE § 33.48(a)(5). Despite Loudon's argument, we find nothing in the language of sections 33.42 or 33.43 which prohibits the County from collecting section 33.48 attorney's fees

7

when it filed its motion for summary judgment related to his 2023 delinquent taxes. *See id.* §§ 33.42, 33.43(b). Thus, we overrule Loudon's second issue.[5]

### III.   CONCLUSION

We affirm the trial court's judgment.

JON WEST
Justice

Delivered and filed on the
5th day of March, 2026.

---

[5] Loudon also extensively argues in his appellate brief that the County improperly charged him in 2014, 2015, 2016, and 2019, including attorney's fees for his 2019 taxes. However, the trial court merely granted summary judgment related to 2023's taxes. Moreover, no causes of action exist in the underlying suit for the recovery of funds from the County. Thus, these issues are not before us.